H. K. Bell and E. A. Bell for use of H. K. Bell *v.* R. W. Irwin, surviving partner of R. W. Irwin and T. McK. Hughes, doing business as Irwin & Hughes, Appellant.

*Practice, C. P.—Amendment of record—Unnecessary party plaintiff.*

After trial and verdict the court will consider as made, an amendment which ought to have been made, by striking from the record a party plaintiff who had been unnecessarily joined as such. Such amendment introduces no new cause of action under the pleadings and deprives defendant of no substantial right.

Argued April 22, 1897. Appeal, No. 176, April T., 1897, by defendant, from judgment of C. P. Washington Co., Feb. T., 1896, No. 106, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit for money due. Before MCILVAINE, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff $227.01. Defendant appealed.

*Errors assigned* were (1) In refusing to affirm defendant's third point, which point and answer are as follows: "That the original liability of the firm of Irwin & Hughes was a several liability to account to H. K. Bell for the amount collected upon his judgment, and a like several liability to account to Elizabeth A. Bell for the amount collected upon her judgment, and no joint action can be supported therefor, and the verdict of the jury must be for the defendant. *Answer:* Refused." (2) Refusal of binding instructions for defendant. (3) In charging the jury as follows: "Now, as to the other point. It may be there is a mistake here as to the caption in this case; that is, that it ought to be H. K. Bell and H. K. Bell for use of E. A. Bell; but be that as it may, the plaintiff's statement itself shows the claim, and if the evidence of Mrs. Bell is correct, it tends to sustain the statement; and the record that has been introduced in evidence, the auditor's report and Mr. Irwin's letter do also; that is, that Mr. Bell brought those notes to Washington and put them into the hands of Irwin & Hughes.

It was through Mr. Bell that the two claims were put into their hands.   He managed the business.   Mrs. Bell testifies that Mr. Bell, she thinks, brought up the notes.   If Mr. Bell gave a note of his own against the estate into the hands of Irwin & Hughes to collect, and at the same time gave a note against the estate which was drawn to his order for the use of Mrs. Bell into their hands for collection, then we think that there could be a recovery in one suit against Irwin & Hughes of all the money they collected.   The person to whom Messrs. Irwin & Hughes could have paid this money, taking into consideration the manner in which the notes were left in their hands, would have been H. K. Bell.   He could have receipted for the whole of it, as he left the notes for collection.   If he brought the notes up here and left them for collection, part of them payable to his order and part of them payable to his order for use of E. A. Bell (Mrs. Bell having testified that she had been paid in full) there can be no trouble hereafter in regard to part of the claim being collected again by Mrs. Bell from Mr. Irwin, because not only the record but her own testimony shows that whatever the claim might have originally been, that now all the money that is unpaid belongs to H. K. Bell; and we, there-fore, will have to refuse the last two points that have been pre-sented here by the defendant."

*R. W. Irwin*, with him *John W. Donnan* and *Jno. C. Bane*, for appellant.—Persons having rights of action arising out of several and distinct contracts with the same obligor, or several rights of action against the same obligor, arising out of one and the same contract, may not join as plaintiffs in one action against the said obligor : 17 Am. & Eng. Ency. of Law, 561; Mytinger v. Springer, 3 W. & S. 405; Lee v. Gibbons, 14 S. & S. 104.

It is difficult to see how the amendment could have helped the plaintiff's case, as the statute was a complete bar at the time it was made; and it is perfectly well settled that amend-ments will not be allowed when they deprive the opposite party of any rights : Kaul v. Lawrence, 73 Pa. 410; Trego v. Lewis, 58 Pa. 463; Kille v. Ege, 82 Pa. 102.

*M. L. A. McCrackens*, of *McCrackens & McGiffin*, for appel-lees.

OPINION BY WILLARD, J., July 23, 1897:

H. K. Bell in the year 1887 placed in the hands of the law firm of Irwin & Hughes for collection certain judgments against Silas Winget. The judgments were collected in 1889. It appears that $2,459.03 of the money thus collected was upon judgments belonging to H. K. Bell, and the sum of $490.74 upon judgment notes upon which judgments were entered made by Winget, payable to H. K. Bell, for the use of E. A. Bell, his wife. The business was all transacted between H. K. Bell and Irwin & Hughes. After the money was collected on the several judgments the firm of Irwin & Hughes paid to H. K. Bell $2,000, $1,500 thereof in one check and $500 in another, both of which were made payable to H. K. Bell. On January 1, 1890, Irwin & Hughes sent a statement by mail to H. K. Bell showing a balance in their hands, after deducting their fees amounting to $750 of $299.77, and a check was enclosed with the statement for the balance thus appearing payable to the order of H. K. Bell on the first National Bank of Washington, Pa. On January 3, 1890, discovering that they had made a mistake of $75.12 they notified H. K. Bell not to use the check as it was for $75.12 too much, and requested him to return the check and get another for the correct amount, to wit, $224.65. On January 2, 1890, the balance to the credit of the account of Irwin & Hughes in the First National Bank where the check was payable, was $149.77 not enough to pay the first check or the second had it been given.

Prior to this time Mrs. E. A. Bell had received her pay in full either by the indorsement over to her of the check for $500 made payable to the order of her husband, or by payment by her husband from the proceeds, upon which question her testimony was not clear. It is immaterial, however, as she received her pay in full which is not questioned.

The matter not having been settled on December 31, 1895, H. K. Bell brought an action of assumpsit against Mr. R. W. Irwin, the surviving partner of the firm of Irwin & Hughes. The statement of cause of action filed in the case discloses a clear cause of action in H. K. Bell to which the defendant pleaded, and on the trial of the case under the direction of the court a verdict was rendered for the balance admitted to be due by Mr. Irwin in his letter of January 3, 1890, and interest there-

on only from the day the summons was issued, December 31, 1895.

On November 9, 1896, the record was unnecessarily amended in the court below by adding the name of E. A. Bell as one of the legal plaintiffs. The plaintiff had the right to further amend by striking her name from the record. From the evidence it clearly appears that she never had any interest in the suit. No claim of hers was barred by the statute of limitations at the time of the amendment, for she had none. The original writ issued in the name of H. K. Bell, the statement showed the cause of action in him and now, after trial and verdict, the amendment, that ought to have been made by striking the name of Mrs. Bell from the record as a party plaintiff, we consider as having been made, as it introduced no new cause of action under the pleadings, nor deprived the defendants of any substantial right: Fritz v. Heyl, 8 W. N. C. 374; Patton v. Ry. Co., 96 Pa. 169.

The specifications of error are overruled and the judgment affirmed.