## Barnhill *versus* Haigh.

1. The plaintiff contracted with the defendant to tow a coal-boat to a particular point; the defendant landed her at another place, when she was sunk and lost. Evidence that the boat was not injured by sinking at the latter landing; that by the ordinary care by plaintiff she could have been saved; that plaintiff was offered half her value as she lay; that sunken, she was worth half her value; that the boat was permitted to lie till the coal was stolen and she was sold for wharfage, was *held* to be irrelevant.

2. The plaintiff was not bound to rescind or modify his contract with the owners of the tow, or to accept his own boat at any other place than where it was to be delivered.

3. Coursin owned the boat and coal at the time of the contract for towing her, and after the contract sold her to the plaintiff. *Held*, that the suit, if erroneously in the name of the plaintiff, might have been amended below by changing it to "Coursin for the use of" plaintiff, and would be so done in the Supreme Court.

ERROR to the Court of Common Pleas of *Allegheny county*.

This was an action on the case, commenced January 15th 1866, by Joseph P. Haigh against William Barnhill, A. Hartuper, David Brenneman, Levi Brenneman and George Brenneman, owners of the steamboat Gipsey, to recover for the loss of a flat-boat and its cargo of coal.

The declaration alleged a contract between the plaintiff and defendants to tow the boat and cargo from the Monongahela Bridge down the river " to the Point," in the city of Pittsburgh, and that, through the negligence of the defendants, the boat and coal were lost.

One Coursin being the owner of the boat and coal, contracted with the captain of the Gipsey to tow the boat as alleged in the declaration, and after making the contract sold the boat to Haigh, the plaintiff. The Gipsey did not land the boat at the Point, but at Manchester, some distance below, where she was sunk.

On the trial, before Sterrett, P. J., the defendants offered to prove, " that the coal-flat was not injured by the sinking at the Manchester landing; that by ordinary care on the part of the plaintiff all the coal in the flat could have been saved; that witness offered to give the plaintiff about half the cost of the flat and coal, as she lay at Manchester, or give plaintiff five cents per bushel for the coal and let plaintiff have the flat; and to prove generally that the flat and coal, in its sunken condition, were worth half of what plaintiff now claims they were worth before the flat was sunk; and that the flat and coal were permitted by the plaintiff to lie at the Manchester landing until the coal was carried away by the people, and the flat finally sold by the borough authorities for wharfage."

This offer was rejected by the court; which was the 1st assignment of error.

[Barnhill *v.* Haigh.]

The court refused to charge the jury as requested by the defendants, " That there is no privity of contract between the plaintiff and the defendants in this case ; that the defendants never undertook to tow the coal-boat in controversy for the plaintiff; and, in point of fact, the contract of the defendants was with B. B. Coursin, who at that time owned the flat-boat and coal, and therefore the plaintiff cannot recover in this action."

This was the 2d error assigned. There was a verdict for $1021.01, for the plaintiff.

*J. Howard* and *A. M. Brown,* for plaintiffs in error, cited Hays *v.* Paul, 1 P. F. Smith 134 ; Walthour *v.* Spangler, 7 Casey 523.

The opinion of the court was delivered, October 25th 1866, by READ, J.—The defendants, the owners of the tug-boat Gipsey, contracted with the plaintiff to tow his coal-boat and cargo of coal from the pier of the Monongahela Bridge, where she was lying, down the Monongahela river to the Monongahela river at " The Point," in the city of Pittsburgh. That instead of so delivering the said boat and cargo at " The Point," in Pittsburgh, they towed the same to Manchester, and left the same tied to the bank of the Ohio river, where she sunk with the coal, in the course of the night. The jury found all the facts in favor of the plaintiff, under proper instructions from the court.

The two assignments of error show this to have been so, as there are no exceptions to the charge of the court, except to their refusal to charge as requested on the defendants' point.

The 1st error is in rejection of the evidence offered by the defendants, which in substance was that the boat and cargo, as sunk at Manchester, was worth half its original value, with direct proof that the plaintiff never had possession of it, and that the plaintiff never took any care of it, and that the whole was lost, being carried away by the people or sold by the borough authorities for wharfage.

This was clearly irrelevant and incompetent, for the plaintiff was not bound to rescind or modify his contract with the owners of the tow-boat and accept the flat at Manchester, under water, or at any place other than that at which the defendants were to deliver it.

The 2d error is simply that the suit should have been brought in the name of B. B. Coursin, from whom the plaintiff purchased the boat and cargo. If this be so, then, as the real ownership at the time of the loss was in the plaintiff, it could have been amended in the court below by changing or adding the name of B. B. Coursin for the use of Joseph P. Haigh, and this we would do here if it were deemed necessary.

As the case has been fairly tried on its merits, we do not feel

disposed to countenance a mere technical objection which we have the power to remove.

Judgment affirmed.