## Margaret A. Patton et al. *versus* The Pittsburgh, Cincinnati and St. Louis Railway Company.

96　169
126　211

96　169
f41SC²545

1. In a suit by a widow and her minor children to recover damages for the death of her husband, who, while in the employ of a railroad company, was killed in West Virginia, the court, in the language of plaintiffs' point, instructed the jury that the action could be maintained if the statute in force in West Virginia, relating to cases of death caused by negligence was similar to or substantially the same as the statute on the same subject in Pennsylvania, and at the close of the charge said, "The question of law as to the effect of the statute of West Virginia we will reserve for future consideration." The jury found for plaintiffs "subject to the opinion of the court on a question of law reserved. Subsequently in an opinion the court stated two questions of law as reserved. 1. "Can the plaintiffs recover under the West Virginia statute?" and 2. "Is there sufficient evidence of negligence to justify a verdict against the defendant?" and on these questions so stated as reserved judgment was entered for defendant: *Held*, that if it was material to determine whether the statutes were substantially alike it was for the court; that there was no reservation of either the fact or the question of law set forth in the point; that every reservation of a question should place distinctly upon the record what the point is which is reserved and state the facts out of which it arises.

2. After verdict and before judgment the plaintiffs moved to amend the record by adding the name of the legal plaintiff, which was refused: *Held*, to have been error. Under the Act of 1852, the courts have power in any stage of the proceedings to change or add the names of parties so as to make the record conform to the issue that was tried, and no verdict ought to be set aside when there has been a full trial upon the merits, and the formal addition of a party will cure the defect in the record.

3. Ferguson v. Wright, 11 P. F. Smith 258, and Wilde v. Trainor, 9 Id. 439, followed.

November 8th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1880, No. 286.

Case by Mrs. Mary Ann Patton, widow of William Patton, deceased, Mary Bertha Patton, Bridget Patton and William Charles Patton, minor children and heirs of said William Patton, deceased, who sued by their next friend, John McNulty, against the Pittsburgh, Cincinnati & St. Louis Railway Company, to

[Patton *v.* P., C. and St. L. Railway Co.]

recover damages for the death of said William Patton, a brakeman in the employ of the defendant company, who was run over and killed while in the discharge of his duties as brakeman, by reason of the handhold on the roof of the car giving away when the deceased grasped it in attempting to mount to the top of the car and whereby he was thrown under the wheels of the car. The accident occurred in West Virginia. It was in evidence that under the statute of that state such actions must be brought in the name of the personal representatives of the deceased.

The third point of the plaintiffs, which the court affirmed, was as follows:

That if the statute in force in West Virginia provides that an action can be maintained in that state to compensate the plaintiffs for the loss sustained by them in case of death caused by negligence of defendants, and said statute is similar to or substantially the same in its import, as the Act of Assembly in such case made and provided in the state of Pennsylvania, under the evidence in this case, and the amended declaration, this action can be maintained for the recovery of damages alleged to have been sustained by the plaintiffs in the premises.

In charging the jury the court, Collier, A. L. J., instructed them that if there was such neglect on the part of the defendant company in the inspection of the car as amounted to negligence, and there was no negligence on the part of the deceased, the plaintiff could recover, and at the end of the charge said: "The question of law as to the effect of the statute of West Virginia we will reserve for future consideration."

The verdict was for plaintiffs for $4900, "subject to the opinion of the court on a question of law reserved." After the verdict a motion was made "to allow an amendment of the writ, record and pleadings on the part of the plaintiffs, by adding as plaintiff Mrs. Mary Ann Patton, administratrix of William Patton, deceased, for use of Mary Ann Patton, widow et al., as appears of record," which motion the court refused.

Subsequently the court filed the following opinion:

"The husband and father of the plaintiffs was killed in the state of West Virginia by the alleged negligence of the defendant company while in its employ; and the questions of law reserved are: 1. Can the plaintiffs recover under the West Virginia statute; and 2. Is there sufficient evidence of negligence to justify a verdict against the defendant?

"Considering for the present that by the comity of states or nations an action may be maintained in this state for an injury (like the one in this case) done in another state if that other state has given a remedy by a statute similar to our own, I do not think the statutes are substantially alike. In this state the right of action by our statute is in the widow or children or parents. In

[Patton v. P., C. and St. L. Railway Co.]

the West Virginia statute the right of action is in the administrator. We think this is decisive of the question, and as the action is by the widow and children, it cannot be maintained. Was there sufficient evidence of negligence on the part of the defendant to justify the verdict? The only evidence of negligence shown on on the trial was on the part of the car inspector, whose duty it was to inspect the cars, or of the brakeman whose duty it was to report defects, &c. In either case the negligence was the negligence of a co-employee of the deceased father, for whose death this action is brought. Judgment must be entered on the question of law reserved for the defendant."

Plaintiffs took this writ and alleged that the court erred in entering judgment as above and in refusing the foregoing amendment.

*A. M. Watson* and *R. B. Parkinson*, for plaintiffs in error.— Taking the record as it stood, all the questions raised on the trial were finally disposed of, and the defendant should have moved for a new trial; and having failed therein, the court should have ordered judgment to be entered on the verdict. But we find two reserved questions, irregular as to time and defective in form and substance. The second question decided as reserved was ruled in answer to the defendants' point and an exception sealed, and yet we are now called upon to grapple with it as a question of law ruled against the plaintiffs. If we regard this as a question reserved, then it is submitted, it is not properly reserved, and presents a mixture of law and fact which vitiates it. The court cannot withdraw the decision of the facts from the jury, reserving as a point whether under the evidence in the case the plaintiff is entitled to recover: Clark *v.* Wilder, 1 Casey 314; Irwin *v.* Wickersham, Id. 316; Wilson *v.* Steamboat Tuscarora, Id. 317. Every reservation of a question should place distinctly upon the record what the point is which is reserved and the state of facts out of which it arises: Klett *v.* Claridge, 7 Casey 107; Wilde *v.* Trainor, 9 P. F. Smith 439; Campbell *v.* O'Neill, 14 Id. 290; Commonwealth *v.* McDowell, 5 Norris 379; Miller *v.* Bedford, Id. 457; Furgeson *v.* Wright, 11 P. F. Smith 262. Under our Acts of April 16th 1846, Pamph. L. 353, May 4th 1852, Pamph. L. 574, and April 12th 1858, Pamph. L. 243, the amendment was proper, and as it was a question whether under the Pennsylvania acts the parties of record ought to follow the Virginia statute, that was sufficient to warrant the court in making the amendment in aid of justice, and to preserve the cause of action: Cochran *v.* Arnold, 8 P. F. Smith 100. Strong, J., says that amendments of parties "where no change is wrought in the cause of action, is a matter of right, and in a proper case that the court is bound to allow amendments under the Acts of 1852 and 1858": Kaylor *v.* Schaffner, 12 Harris 489; Druckenmiller *v.* Young, 3 Casey 97; Kellogg *v.* Da-

tisman, 2 Phila. R. 111; Richter v. Cummings, 10 P. F. Smith 441; Pennsylvania Railroad Company, v. Keller, 17 Id. 300; Bigley v. Bigley, 21 Pitts. Leg. Jour. 99, in which case the record of the trial was not changed. The manner in which the court undertook to reserve questions that were ruled on trial, and especially the second question, involving the law and facts on the merits of the case, after the facts had been submitted to and passed upon by the jury in favor of the plaintiffs, places them in a position to ask to be relieved from a predicament not of their own seeking. And it is submitted that the only way to set them right is to reverse the judgment below, and order judgment to be entered on the verdict.

*Hampton & Dalzell,* for defendant in error.—Whether the questions of law were properly reserved or not, or an amendment improperly refused, do not seem very material questions, considering the state of the record. It is manifest that the plaintiffs had no action in a Pennsylvania court. If they have a remedy it is in West Virginia, where it is to be be assumed they can obtain such remedy as the justice of their case may demand.

Mr. Justice TRUNKEY delivered the opinion of the court, November 22d 1880.

In answer to the plaintiffs' third point the jury were unqualifiedly instructed that this action can be maintained if the statute in force in West Virginia, relating to cases of death caused by negligence, is similiar to or substantially the same as the statute on the same subject in Pennsylvania. The only statute of West Virginia given in evidence, is the fifth and sixth sections of an act relating to actions where death of a person was caused by wrongful act, neglect or default, which provides, among other things, that " every such action shall be brought by and in the name of the personal representative of such deceased person ; and the amount recovered in every such action shall be distributed to the parties, and in the proportions provided by law in relation to the distribution of personal estates left by persons dying intestate." What the law provides in relation to said distribution was not proved. The learned judge in the charge said it was his impression that the statute in West Virginia was so different from the statute in this state that the action would not lie ; but instructed the jury that the fact of Mr. Patton having been killed in West Virginia made no difference so far as they were concerned. At the close of the charge he adds these words: " The question of law, as to the effect of the statute of West Virginia, we will reserve for further consideration." The verdict was for the plaintiffs for $4900, " subject to the opinion of the court on a question of law reserved." In an opinion subsequently filed two questions of law are considered as having been reserved, 1. Can the plaintiffs recover under the West Virginia statute, and 2. Is there

[Patton *v.* P., C. and St. L. Railway Co.]

sufficient evidence of negligence to justify a verdict against the defendant?" Neither of these are shown by the record. Of the first it is said, "I do not think the statutes are substantially alike. In this state the right of action by our statute is in the widow and children, or parents. In the West Virginia statute, the right of action is in the administrator. We think this is decisive of the question; and as the action is by the widow and children, it cannot be maintained."

Before the argument of the question a motion had been made for amendment by adding the name of the administratrix as legal plaintiff, for use, in the writ, record and pleadings, and at present will be considered as having been allowed. If it were material to determine whether the statutes were substantially alike, it was for the court; but it was submitted to the jury to determine, and if they were, it was ruled that the action could be maintained. Neither the fact nor question of law set forth in plaintiffs' third point was reserved. The verdict was as indefinite as the remark at the close of the charge. Every reservation of a question should place distinctly upon the record what the point is which is reserved, and the state of facts out of which it arises: Ferguson *v.* Wright, 11 P. F. S. 258; Wilde *v.* Trainor, 9 Ibid. 439. All the legal propositions had been absolutely ruled. And what was distinctly stated in the so-called reservation? It may be conceded that the court intended the precise question subsequently stated in the opinion, but the record does not show that. On the contrary, it shows that question was affirmed, if the jury found the two statutes substantially of the same import. Judgment might be entered upon the verdict, but in most cases which have been reviewed in this court when the point was not well reserved, the cause has been sent back for another trial. A judgment upon this verdict for the reason that the record shows no definite point on which the verdict depends, is not what was intended.

The record reveals nothing of what is called the second reserved question. It is error to submit a fact to the jury and after its finding enter judgment for the defendant on the ground that the evidence was insufficient to establish it: North American Oil Co. *v.* Forsyth, 12 Wright 291.

After verdict and before judgment the plaintiffs moved to amend by adding the name of the legal plaintiff, which was refused. The cause had been tried and the evidence, under the instructions, warranted the verdict. In all actions, in any stage of the proceedings, the courts have power to permit amendments by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party. Act 1852, P. L. 574, sect. 2. It very clearly appeared there was a mistake in omitting the name of the administratrix of William Patton, deceased, for the

statute under which the action was brought directed it should be by and in the name of the personal representative.   Legislation and adjudication have favored amendments to the end that causes may be speedily tried on the merits, or when so tried that the result shall be preserved.   Thus, the act of 1872, P. L. 25, provides that no verdict shall be set aside for defectiveness or indefiniteness in its form, or by reason of the want of a declaration or plea, but the court shall have power at any time to direct the filing of a declaration, the entering of a plea, or filing a description if in ejectment, as shall make the pleadings and record conform to what was tried before the jury and found by the verdict.   Under the act of 1852 the courts have power, in any stage of the proceedings, to change or add the names of parties so as to make the record conform to the issue that was tried, and no verdict ought to be set aside where there has been a full trial upon the merits and the formal addition of a party will cure the defect in the record.   When the amendment is a formal one, introducing no new or different cause of action, depriving the opposite party of no substantial right, and which ought to have been made in the court below, it will be considered in this court as having been made.   Fritz *v.* Heyl, 8 W. N. C. 374.   This case was tried just as if the legal plaintiff had brought suit and was upon the record, and the amendment ought to have been allowed. When it was moved a year had not elapsed from the date of the decedent's death.   It was within the terms of the statute, prejudiced the rights of no one, and if the trial was free of error, it would have saved the verdict.   Were nothing else in the way of entering judgment upon the verdict we would treat the motion as having been granted, but as the cause goes back to the Common Pleas the amendment will there be made *nunc pro tunc*.

The important question to the plaintiffs, whether this action can be maintained in Pennsylvania, is not and cannot be raised by them for decision, upon the record as it comes ; and we expressly exclude an inference, from the disposition of the assignments of error, that we are of opinion that the action will lie.

Judgment reversed and venire facias de novo awarded.