# Trustees of Methodist Episcopal Church of Franklin *v.* Equitable Surety Co., Appellant.

*Principal and surety—Bond—Building contract—Building committee—Agency—Church congregation—Parties—Strict construction.*

1. Where a bond is given to certain individuals as the building committee of an incorporated church, to secure the performance of a building contract, the church under its corporate name may sue on the bond, inasmuch as the committee is a mere agency of the corporation.

2. In Pennsylvania the rule of strict construction, applied to contracts of ordinary suretyship, does not prevail, where the bond or undertaking is executed upon a consideration, by a corporation, organized to issue such bonds or undertakings for profit; and this is the case although the bond specifies that "it shall be construed strictly as one of suretyship only."

3. A foreign surety company coming into this State is bound by the law of Pennsylvania in this respect.

*Principal and surety—Building contract—Payment of retained percentages.*

4. A payment by the owner to the contractor of retained percentages, under a building contract, will not release the surety on a bond given to secure performance of the contract, if it appears that nonpayment of the percentage would have stopped the work, and made the completion more costly to the surety.

*Principal and surety — Suit on bond — Entering judgment for penalty—Act of June 14, 1836, P. L. 637.*

5. Where, in a suit on a bond to secure performance of a building contract, it appears that some of the items making the claim had been paid after suit brought, defendant cannot maintain that the proceedings should have been brought under the Act of June 14, 1836, P. L. 637, by entering judgment for penalty on bond, with execution for damages up to the time suit was brought, and assessment for subsequent breaches on a scire facias.

6. The act was intended to prevent the necessity of more than one suit on the same bond, and not to cover a case where the damages were entire, had all accrued at the time of the trial, and were all adjudicated and covered by the verdict rendered.

Argued January 20, 1921. Appeal, No. 72, Oct. T., 1920, by defendant, from judgment of C. P. Venango Co., Jan. T., 1916, No. 14, on verdict for plaintiff in case of Trustees of Methodist Episcopal Church in Franklin Borough v. Equitable Surety Co. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on bond of suretyship. Before CRISWELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $21,516.75. Defendant appealed.

*Errors assigned.* were (1-9) various instructions and (10) refusal of judgment for defendant n. o. v., quoting the record.

*W. Clyde Grubbs*, with him *A. B. Jobson*, for appellant.—Payment of the percentages released the surety:

Bensinger v. Wren, 100 Pa. 500; Prairie State Bank v. U. S., 164 U. S. 227; Bauschard Co. v. Fidelity & Casualty Co., 21 Pa. Superior Ct. 370; Young v. American Bonding Co., 228 Pa. 373; Fels & Co. v. Massachusetts B. & I. Co., 48 Pa. Superior Ct. 27; Fitzpatrick v. McAndrews, 12 Pa. C. C. R. 353; Sutton v. Tradesmen's Trust Co., 22 Pa. Dist. R. 569; Lancaster v. Barrett, 1 Pa. Superior Ct. 9.

The bond is specific in limiting the right of action to the committee, the obligee: Ulam v. Boyd, 87 Pa. 477; Sanders v. Sharp, 153 Pa. 555; Lancaster v. Frescoln, 192 Pa. 452.

This suit is brought on a penal bond. The procedure to be followed in such actions is fully outlined by the Act of 1836: Duffy & Mehaffy v. Lytle, 5 Watts 120; Scarborough v. Thornton, 9 Pa. 451; Keating v. Peddrick, 240 Pa. 592.

*E. C. Breene,* with him *J. S. Carmichael,* for appellee. —A corporation may sue on a promise made to its agent: Ulam v. Boyd, 87 Pa. 79; Baldwin v. Bank, 1 Wallace 234.

The bond was to be strictly construed: Young v. Am. Bonding Co., 228 Pa. 373; Phila. to use v. Fidelity & Dep. Co., 231 Pa. 208; Loughney v. Huntsman Construction Co., 252 Pa. 131; Butz v. U. S. Metal Products, 255 Pa. 53; Nazareth Foundry & Machine Co. v. Marshall Machinery, etc., Co., 258 Pa. 558; Phila. v. Ray, 266 Pa. 345.

OPINION BY MR. JUSTICE SCHAFFER, February 14, 1921:

In his opinion disposing of defendant's motion for a new trial in this case, the learned judge of the court below said: "The reasons and objections urged are largely if not wholly technical and the course of the defendant throughout suggests, not a frank recognition of its duty and of its obligation under its bond for which it demanded and received a valuable consideration, but an in-

tention all the while to evade and escape liability if by closely drawn and fine legal distinctions it were possible to do so." The attitude of the defendant, as thus portrayed by the trial judge, it has carried into this court on its appeal; the questions it raises are highly technical.

The action was assumpsit on a bond for the faithful performance of a contract for the building of a church; the appellant, surety on the bond, is a corporation of the state of Missouri. The bond was given, not to the church corporation, the corporate title of which is "The Trustees of the Methodist Episcopal Church in the County of Venango," but to the building committee of the church, with whom the contract for the erection of the church was made. The appellant asserts that the only persons entitled to bring suit on the bond, are the members of the building committee, the bond providing "That no right of action shall accrue upon or by reason hereof to or for the use or benefit of any one other than the obligee named herein." This contention might be dismissed with the statement that counsel for appellant on the oral argument admitted that, when suit was brought by the building committee, a demurrer was filed by appellant, raising the question of their right to sue, and the demurrer was sustained; but there is full authority, under the facts as disclosed at the trial, for the maintenance of the suit, as now brought, in the name of the corporation. It is undisputed in the case that the corporation owned the ground on which the building was built, that it paid for the building, and that the building committee was a mere agency of the corporation.

We said in Lancaster v. Knickerbocker Ice Co., 153 Pa. 427, "It is text book law applied and enforced in a long and unbroken line of cases, that where a simple contract, other than a bill or note, is made by an agent in his own name, his undisclosed principal may maintain an action or be sued upon it"; in Anderson v. Hamilton Township, 25 Pa. 75, a suit on a bond was held

well brought in the name of the township although it was made payable to certain individuals as road commissioners of the township; and in Dyer v. Covington Township, 28 Pa. 186, the obligation was given to "the auditors of the Township of Covington" and it was held the township could sue upon it. So also we have repeatedly held that if the suit is brought, either by mistake of law or fact, in the name of the party beneficially interested, instead of by the contracting party to the use of the former, the record may be amended, or treated as amended, in the appellate court, so as to conform to the requirements of the law as to the names of the parties: Walthour v. Spangler, 31 Pa. 523; Barnhill v. Haigh, 53 Pa. 165; Patton v. Pittsburgh, Cincinnati & St. Louis Ry. Co., 96 Pa. 169.

A further contention of appellant is that, because of a failure on the part of the church to retain ten per cent of the amount payable to one of the subcontractors, as provided by the contract, the surety is relieved. In Pennsylvania, the rule of strict construction, applied to contracts of ordinary suretyship, does not prevail, where the bond or undertaking is executed upon a consideration, by a corporation, organized to issue such bonds or undertakings for profit: Young v. American Bonding Co., 228 Pa. 373; Phila. v. Fidelity & Deposit Co., 231 Pa. 208; Brown v. Title Guaranty & Surety Co., 232 Pa. 337; Phila. v. Ray, 266 Pa. 345. The surety will be relieved only if the variance in the terms of the contract is material and worked to its damage; but where, as here, the payment of the retained percentage was not to the injury of the surety, but really to its advantage,—because if the payment had not been made, work on the building would have stopped, to its greater loss, it being responsible for completion,—it cannot escape liability because of such payment. True, this bond contains the provision that it "shall be construed strictly as one of suretyship only"; but in this Commonwealth, as part of its declared public policy, bonds of the character of that

here sued upon, which are given for a consideration, are to be so construed as to protect the obligee, and the language above quoted does not prevent our treating it as a "suretyship" for profit, in accordance with the fact, even if this surety company of another state, coming into Pennsylvania to do business under our law, were permitted, which of course it would not be, to stipulate that its obligation here shall mean other than our law determines it shall mean.

It is also urged upon our consideration that, as some of the items going to make up plaintiff's claim were not paid by plaintiff until after this suit was brought, the proceedings on the bond should have been under the Act of June 14, 1836, P. L. 637, and that judgment should have been entered for the penalty of the bond, with execution for the damages, up to the time of suit brought, and that subsequent breaches should be assessed on a writ of scire facias. What this act was intended to prevent was the necessity of more than one suit on the same bond, it was not meant to cover the situation in the pending case, where plaintiff's damages are entire, had all accrued at the time of trial, and were all adjudicated and covered by the verdict rendered.

The assignments of error as to the admission of testimony and the charge of the court, all cover questions related to those already discussed, or such as are immaterial in view of our conclusions on the main questions.

All the assignments of error are overruled and the judgment is affirmed.