# Hewitt, Receiver, *v.* Democratic Publishing Co., Appellant.

*Replevin—Parties—Suit by receiver in his own name—Practice, C. P.—Name—Amendment—Appeals—Former appeal—Waiver— Affidavit of defense—Act of 1915, P. L. 483.*

1. Where a receiver has been authorized to institute and prosecute suits, he may maintain an action of replevin either in his own name as receiver, in the name of the corporation to his use, or in some other appropriate form.

2. If a suit is brought, either by mistake of law or fact, in the name of the party beneficially interested, instead of the contracting party to the use of the former, the record may be amended, or treated as amended, in the appellate court, so as to conform to the requirements of the law as to the name of the parties.

3. Where the case was presented once before on appeal and no objection was then made to the right of the receiver to maintain the action, it must be considered as waived on the second appeal.

4. Highly technical objections do not receive judicial approval.

5. By analogy of the Practice Act of 1915, P. L. 483, all objections, which do not go to the merits of the controversy, should be deemed waived, unless specifically set forth in the affidavit of defense, or in some other affidavit, duly filed and served within fifteen days after service of the paper or pleading alleged to be technically objectionable.

*Receivers—Discharge after suit brought—Replevin—Evidence.*

6. In an action of replevin by a receiver brought in his own name as receiver of a corporation, the court commits no error in

refusing to admit evidence to show the discharge of the receiver after the suit was brought and before trial, where no offer was made to show that any one else had succeeded to his or the corporation's rights.

Argued September 26, 1921. Appeal, No. 7, Oct. T., 1921, by defendant, from judgment of C. P. Westmoreland Co., Nov. T., 1915, No. 603, on verdict for plaintiff, in case of Erskine Hewitt, Receiver of the International Typesetting Machine Co., v. Democratic Publishing Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Replevin for typecasting machine. Before COPELAND, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned,* among others, was refusal of judgment for defendant n. o. v., quoting record.

*John E. Kunkle,* with him *S. A. Kline,* for appellant. —The receiver could not maintain the action in his own name: Yeager v. Wallace, 44 Pa. 294; Singerly v. Fox, 75 Pa. 112; Wisener v. Myers, 3 Pa. Dist. R. 687; Phila. & R. C. & I. Co. v. Schada, 11 W. N. C. 20.

*E. P. Doran,* with him *A. M. Wyant, W. F. Wegley* and *V. E. Williams,* for appellee.—The suit was properly brought: Wetherill v. Gallagher, 211 Pa. 306; Westinghouse Air Brake Co. v. Harris, 237 Pa. 203; Harris v. Smith, 3 S. &. R. 20; Mead v. Kilday, 2 Watts 110.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1922:

This is an action of replevin to recover possession of a typecasting machine.

The International Typesetting Machine Company, a corporation of the State of New York, sold the machine

to Morgan; under the contract of sale, payment for it was to be made in installments; title was not to pass until payment should be made in full, and the indebtedness was to be evidenced by promissory notes secured by a chattel mortgage, which the purchaser executed. Subsequently Morgan sold the machine to Potts, and it finally came into possession of defendant; when acquired by the latter, more than two-thirds of the purchase price remained unpaid. Under the terms of sale and of the mortgage, this failure of payment entitled the typesetting company to reclaim the machine, and, to do so, its receiver, appointed by the United States District Court, began the present proceeding.

On the trial, the court submitted to the jury, as the issue for their determination, the question whether defendant company, when it purchased the machine, had notice of the unpaid claim of the typesetting company covered by the mortgage. The jury found defendant had notice, and from the verdict and resulting judgment in favor of plaintiff, defendant prosecutes this appeal, assigning many errors, which, in the statement of the questions involved, it resolves into these main inquiries: Can a receiver maintain replevin in his own name to enforce a chattel mortgage given to his principal before his appointment? Was the court correct in refusing evidence to show the discharge of the receiver after suit brought and before trial?

By the express terms of the decree appointing him, the receiver plaintiff was authorized to institute and prosecute suits. Whether in the exercise of the authority thus given he sued in his own name, as receiver of the corporation given him in charge, in its name to his use, or in some other appropriate form, really matters not. Both he and the corporation were on the record, and a judgment recovered in any such form would protect defendant against a reassertion of the claim sued on. We have repeatedly held that, if a suit is brought either by mistake of law or fact in the name of the party beneficially interested, instead of by the

contracting party to the use of the former, the record may be amended, or treated as amended, in the appellate court, so as to conform to the requirements of the law as to the names of the parties: Trustees of Methodist Episcopal Church v. Equitable Surety Co., 269 Pa. 411; Walthour v. Spangler, 31 Pa. 523; Barnhill v. Haigh, 53 Pa. 165; Patton v. Pittsburgh, Cincinnati & St. Louis Ry. Co., 96 Pa. 169. Furthermore, this case has been presented once before on appeal (260 Pa. 59), and no objection was then made to the right of the receiver to maintain the action. It is too late to raise the question now; failing to raise it on the first appeal, it must be considered as waived: Lycoming County Mutual Ins. Co. v. Schreffler, 44 Pa. 269.

To-day, when the endeavor of the courts is to reach the real merits of controversies, highly technical objections, such as the one now being considered, whatever may have been the attitude toward them in an earlier age, when albeit society was simpler, the administration of justice was more complex, will not now receive judicial approval. Indeed, by analogy to the Practice Act of 1915 (P. L. 483), all objections which do not go to the merits of the controversy between the parties of record, should be deemed waived, unless specifically set forth in the affidavit of defense, or in some other affidavit, duly filed and served within fifteen days after service of the paper or pleading alleged to be technically objectionable.

The trial court committed no reversible error in holding the suit properly instituted, and it was right in refusing evidence to show the discharge of the receiver after suit brought and before trial. When the action was commenced, the receiver was the only person authorized to bring it, and the purpose of the testimony was to strike his name from the record; there was no offer to show that any other person had succeeded to his or the Typesetting Company's rights, and, as the latter was on the record, the action could have been carried forward in its name, even had the receiver's been eliminated.

There is no merit in the complaint that the charge was biased; it was eminently fair, in an impartial manner clearly submitting the real question in issue to the jury, the tribunal proper to pass upon it, as we said when the case was here before.

We have examined all the assignments of error and find merit in none.

The judgment is affirmed.