## Mangan et al., Appellants, *v.* Schuylkill County.

*Practice, C. P.—Amendment—Parties—Additional plaintiffs—Partnership.*

1. Where a suit is brought by two persons as partners, the record may be amended at the trial, before the jury is sworn, by adding the names of two other persons as additional parties plaintiff.

2. Such amendment does not deprive the defendant of any right.

*Fictitious names—Partnership—Parties plaintiff—New partners—Marking to use—Act of June 28, 1917, P. L. 645—Words and phrases—"Fictitious"—"Assumed"—Appeal—Amending record on appeal.*

3. Where a contract is made by two persons as partners, and thereafter they admit two others as partners, a suit on the con-

tract may be maintained in the names of the first two trading, etc., to the use of the four parties.

4. If the suit is brought in the name of the first two partners, and the other two are brought on the record by amendment and made parties plaintiff, the appellate court will treat the suit as if brought in the name of the first two partners to the use of all four.

5. Where all parties in interest are brought upon the record, the lower court may place them in whatever position will best and most practically work out the ends of justice; and what can be done at the trial may be done by the appellate court on appeal.

6. The word "fictitious" in the Act of June 27, 1917, P. L. 645, is used as explanatory of "assumed," and the two words were not intended to have different meanings.

7. The Act of 1917 was never intended to cover old-fashioned genuine firm names.

8. Where a suit on a contract is brought in the name of two partners who made the contract, the fact that two other persons were admitted to the partnership after the contract was made, does not bring the case within the prohibition of the Act of 1917.

Argued February 13, 1922. Appeal, No. 11, Jan. T., 1922, by plaintiff, from order of C. P. Schuylkill Co., May T., 1918, No. 359, refusing to take off nonsuit, in case of M. A. Mangan and W. S. Pugh et al., trading as Mangan & Pugh, *v.* Schuylkill County. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit on contract. Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit which the court refused to take off. Plaintiffs appealed.

*Error assigned,* inter alia, was refusal to take off nonsuit.

*John F. Whalen,* with him *George Ellis,* for appellant, cited: Hughes v. McClure, 77 Pa. Superior Ct. 325; Engle v. Capital Fire Ins. Co., 75 Pa. Superior Ct. 390; Moyer v. Kennedy, 76 Pa. Superior Ct. 523.

*Edmund S. Smith,* with him *C. A. Snyder* and *Arthur L. Shay,* for appellee, cited: Moyer v. Kennedy, 76 Pa. Superior Ct. 523; Ferraro v. Hines, Director Genl., 77 Pa. Superior Ct. 274; Snaman v. Maginn, 77 Pa. Superior Ct. 287; Hughes v. McClure, 77 Pa. Superior Ct. 325.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 20, 1922:

April 30, 1918, "M. A. Mangan and William S. Pugh, trading under the firm name of Mangan & Pugh," brought suit against the County of Schuylkill, to recover $3,400, with interest from November 1, 1917, on a written contract for the erection of a county bridge, completed and opened to the public about October 1, 1917, since which time it has been in regular use. At the close of the testimony, counsel for defendant moved for a compulsory nonsuit on several grounds, two of which are now before us; namely, (1) that there were not proper parties plaintiff, as certain persons, other than the two named above, had been admitted by amendment to the record after the jurors were sworn, and (2) that no certificate, as required by the Act of June 28, 1917, P. L. 645, relating to persons doing business under assumed or fictitious names, had been filed. The trial judge adopted the last mentioned ground, and the court below, after discharging a rule to show cause why the nonsuit should not be taken off, entered judgment for defendant; plaintiff has appealed.

As to the first ground for the nonsuit, at trial counsel for plaintiff amended the record "by adding the names of Hugh Dolan and I. D. Beahm, as plaintiffs, members of the firm of Mangan & Pugh." In disposing of defendant's objection to this course, the court below says: "The test of an amendment is whether or not it will deprive defendant of any right. We do not see how [the present one] does: we will therefore permit it." In this we discover no error.

The court erred, however, in sustaining the last ground for the nonsuit. The contract in this case was made July 12, 1917, when the bridge-building firm was composed of only M. A. Mangan and W. S. Pugh, the first-named parties plaintiff, and the testimony so shows. Since the action was on a written agreement between the original members of plaintiff partnership and defendant county, when, after the execution of the contract, the two other parties acquired an interest in the firm, the suit might properly have been brought by M. A. Mangan and W. S. Pugh, trading as Mangan & Pugh, to the use of M. A. Mangan, W. S. Pugh, Hugh Dolan and I. D. Beahm (see Walker v. Mason, 272 Pa. 315); but all parties in interest having been brought upon the record, they could be placed by the court below in whatever position would best and most practically work out the ends of justice: Patton v. P., C. & St. L. Ry. Co., 96 Pa. 169, 173, 174. That which might have been done at trial, can and will be done here (Patton v. P., C. & St. L. Ry. Co., supra, and Fritz v. Heyl, 8 W. N. C. 374; M. E. Church v. Equitable S. Co., 269 Pa. 411, 415); we accordingly treat the suit as though instituted in the manner above indicated.

This brings us to the main question in the case, whether the court below correctly construed the Act of 1917 as controlling against plaintiffs' right to maintain the present action; and, as previously indicated, this question must be answered in the negative. The Act of 1917 makes it unlawful, unless its provisions are first complied with, to carry on business "under any assumed or fictitious name, style or designation." It is to be noticed, the act does not say "under either an assumed or a fictitious name," but "under any assumed or fictitious name." We are of opinion the word "fictitious" is here used as explanatory of "assumed," and the two were not intended to have different meanings; that these two words have like meanings may be seen by the following excerpts from Webster's New International Diction-

ary: it defines "assumed" thus,—"supposed, pretended, make believe," and "fictitious" thus,—"feigned, imaginary, pretended, not real, counterfeit, false, not genuine, arbitrarily invented or devised." It is in these general senses that both words are employed in the statute before us.

The name "Mangan & Pugh" is not "assumed or fictitious" within the meaning of the Act of 1917; on the contrary, it represents the real names of the two men who contracted, under that style, with defendant county. The act was never intended to cover old-fashioned, genuine, firm names (see opinion of Mr. Justice FRAZER, in Walker v. Mason, 272 Pa. 315); and the court below erred in so applying it.

The order refusing to take off the nonsuit and the judgment in favor of defendant are reversed, with a procedendo.