## Gentile et al. *v.* Philadelphia & Reading Ry., Appellant.

*Negligence—Railroads—Loading cars—Siding—Degree of care —Evidence—Contributory negligence—Case for jury.*

1. Where a workman employed by an iron company is injured while unloading a car on an elevated siding of a railroad, his case against the railroad company is for the jury, where the evidence tends to show that he started to unload the car at the proper place, when defendant's employees suddenly and without notice or warning moved the car some eighteen inches causing the accident.

2. In such case, if the evidence for defendant is in effect that plaintiff should have waited until the car was moved the eighteen inches, the question of his contributory negligence is for the jury.

*Negligence—Damages—Earnings—Support of family—Presumption—Amount legally compellable—Evidence.*

3. In an action for the death of a workman it is not error for the trial judge to charge the jury that if they gave plaintiff a verdict, it should equal so much of his savings as they might find would have gone for the support of his family.

4. A husband and father is presumed to perform his legal duty of supporting his wife and minor children; and even if he did not do so, they are entitled in an action for his death to recover what the law would have compelled him to furnish them.

*Negligence—Workmen's compensation—Master and servant—Subrogation—Parties—Amendment—Cause of action.*

5. Where a widow has received compensation for the death of her husband from his employer under the Compensation Act, and thereafter a suit is brought in her name for herself and minor children, and in the name of the employer, it is not error for the court to permit the record to be amended after the statute of limitations has run, by adding "for the use of the widow and the employer, as their interests may appear," and also by more specifically claiming for the widow and children for the financial loss resulting to them by the death of the deceased.

6. Where the name of the legal plaintiff is properly on the record, the manner in which the name of one beneficially interested may appear, is not important.

*Constitutional law—Invalidity of statute—Parties—Subrogation—Title of act—Act of June 2, 1915, P. L. 736.*

7. A statute will not be declared unconstitutional at the instance of one not injured thereby.

8. Not decided if the Act of June 2, 1915, P. L. 736, is unconstitutional as to subrogation, that subject not appearing in the title.

Argued March 30, 1922. Appeal, No. 374, Jan. T., 1922, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1918, No. 3957, on verdict for plaintiffs, in case of D'Orazio Camilla Gentile and E. & G. Brooke Iron Co. v. Philadelphia & Reading Railway. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SADLER, JJ. Affirmed.

Trespass for death of husband of D'Orazio Camilla Gentile.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Errors assigned,* inter alia, (1) allowance of amendment (11) refusal of motion for judgment n. o. v., and various instructions as to the measure of damages, quoting record.

*Wm. Clarke Mason,* for appellant.—The court erred in its instructions as to the measure of damages: McHugh v. Schlosser, 159 Pa. 480.

The amendment should not have been allowed.

At common law there is no right to subrogation in suits for torts: Marsh v. Ry., 204 Pa. 229.

The Act of June 2, 1915, P. L. 736, is unconstitutional as to subrogation, as that subject is not suggested in the title.

A jury cannot be permitted to find anything negligent which is less than the failure to discharge a legal duty: Bardis v. Ry., 267 Pa. 352.

*Chas. L. McKeehan,* of *Roberts, Montgomery & McKeehan,* for appellee.—The damages sustained by the widow and children of the deceased through the loss of his earning power were sufficiently proved: Penna. R. R. v. Butler, 57 Pa. 335; Boggess v. R. R., 234 Pa. 379; McHugh v. Schlosser, 159 Pa. 480; McKenna v. Gas Co., 198 Pa. 31; Lehigh Iron Co. v. Rupp, 100 Pa. 95.

The amendment to the original statement of claim was properly allowed and the Brooke Iron Company was properly joined as a use-plaintiff: Phelan v. Cork Co., 29 Pa. Dist. R. 461; Kerper v. Gas & Elec. Co., 29 Pa. Dist. R. 1049.

Under the evidence the question of the defendant's negligence was clearly for the jury.

Subrogation was sustained in McHugh v. Telephone Co., 265 Pa. 496.

Defendant has no standing to raise the constitutionality of the Act of 1913.

Opinion by Mr. Justice Walling, May 15, 1922:

This suit is by a widow for the death of her husband. The plant of the E. & G. Brooke Iron Company is located at Birdsboro, in Berks county, where the defendant railway company has a spur track on a trestle, on which it places cars with stone for the iron company. There are ratchets in the bottoms of the cars; these when opened permit the stone to drop into a pit beneath. A plank walk extends along two feet from the track. The employees of the iron company use a bar, called a wrench, some four feet long with a hole in one end which fits over a lug and when turned operates the ratchet causing the bottom to open. On December 1, 1917, defendant's employees backed a train of cars of stone onto the trestle where they stopped and plaintiff's husband, Domenico Gentile, employed by the iron company for that purpose, put a bar on the lug of one of the cars and in turning it caught the bar on a plank of the walk on which he was standing. At that moment defendant's employees suddenly and without notice or warning moved the car some eighteen inches which caused the bar to break the plank and the deceased dropped into the pit, where he was instantly killed by the stone falling upon him.

Defendant offered no evidence; that for plaintiff was to the effect that the car had been stopped about two minutes at what was supposed to be, and the evidence tended to show was, the place to unload it, although one witness said it was properly placed after the eighteen-inch movement. The jury found for the plaintiff and, from judgment entered thereon, defendant brought this appeal.

It was the duty of defendant's employees to use reasonable care to avoid injuring those engaged in unloading the cars (Nadazny v. Phila. & R. Ry. Co., 266 Pa. 305; see also Boggess v. Railroad Co., 234 Pa. 379) and

whether they did or not was for the jury. If the employee of a third party, when injured, is not where his duty requires him to be, nor where the railroad company is bound to anticipate his presence, the rule is different: Bardis v. Phila. & Reading Ry., 267 Pa. 352; Hardy v. Lehigh Val. R. R. Co., 240 Pa. 454. The car was standing at or so near the exact place where it was to be unloaded that ordinary care might have suggested the probability of work being started upon it for that purpose; and, if so, its unexpected movement would be dangerous, as the walk whereon the men stood while opening the ratchet was but two feet wide and twelve or fifteen feet above the pit. The situation was one requiring care. The train contained only three cars and the crew could easily have discovered whether it was safe to move them, or at least should have given warning. The questions of negligence and contributory negligence were for the jury.

The deceased had a wife and five minor children in Italy, while he was and had been for some years living here, where he had steady employment. There is no evidence that he was estranged from his family and the fact that he had made a visit home tends to negative such conclusion. What amount, if any, he had sent home does not appear, nor was such proof necessary, while sometimes offered as bearing on the question of earning capacity. A husband and father is presumed to perform the legal duty of supporting his wife and minor children; in any event, they are entitled to what the law would have compelled him to furnish them, whether he had previously done so or not. The deceased was forty-two years old, of steady habits and earned over a thousand dollars a year, and the trial judge properly instructed the jury that if they gave plaintiff a verdict it should equal so much of his earnings as they might find would have gone for the support of his family: Glasco v. Green, 273 Pa. 353.

An award in favor of the widow and children was made against the E. & G. Brooke Iron Company, under the Workmen's Compensation Act of June 2, 1915, P. L. 736; in view of which that company was made a party plaintiff here under the right given it to subrogation, by section 319 of the Act (p. 749), as its interest might appear. But defendant was in no manner prejudiced thereby; its liability was simply to the surviving widow and minor children, under the Acts of April 15, 1851, P. L. 674, and of April 26, 1855, P. L. 309 (Stewart's Purdon's Digest, vol. 3, pp. 3240, 3241), and was neither increased nor diminished by that section of the Workmen's Compensation Act. It is of no moment to defendant whether the amount recovered from it goes to the widow or the iron company. The suit as originally brought was by the widow, on behalf of herself and minor children, and by the E. & G. Brooke Iron Company, claiming $10,000; later, and after the statute of limitations had run, the trial court properly allowed plaintiff to amend the record by adding "for the use of the widow and the iron company, as their interest may appear," and also, by more specifically claiming for the widow and children for the financial loss resulting to them by the death of the deceased. The cause of action and legal plaintiff (the widow) remained the same and defendant was deprived of no right. Where, as here, the name of the legal plaintiff is properly upon the record, the manner in which the name of one beneficially interested may appear is not important: see Mangan et al. v. County of Schuylkill, 273 Pa. 310; Hewitt, Receiver, v. Democratic Pub. Co., 271 Pa. 546. In the instant case the iron company is entitled to a part only of the judgment, in any event, which, with other features, distinguishes it from Marsh v. Railway Co., 204 Pa. 229, where the plaintiff before trial had assigned her entire interest in the subject of litigation.

As defendant is not hurt by the above mentioned subrogation provision in the Workmen's Compensation Act,

it is not necessary to pass upon its constitutionality; for a statute will not be declared invalid at the instance of one not injured thereby: Mesta Machine Co. v. Dunbar Furnace Co., 250 Pa. 472.

The assignments of error are overruled and the judgment is affirmed.