Aiken, to use, *v.* Mayberry, Appellant et al.

16

Argued April 20, 1937.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. Norman Martin,* with him *Norman A. Martin,* of *Martin & Martin,* for appellant.

*Robert White,* for appellee.

OPINION BY STADTFELD, J., July 15, 1937:

This is an appeal from an order of the Court of Common Pleas of Lawrence County refusing to strike off a judgment and permitting the title of the case to be amended.

On November 15, 1923, James Mayberry and Pearle M. Mayberry gave a judgment note under seal for $1,400 to May V. Aiken.

May V. Aiken, on July 9, 1925, assigned the said note to Pearle M. Mayberry by endorsement on the back thereof, without witnesses or seal.

May V. Aiken died July 10, 1925, and Letters of Administration were issued to Will L. Aiken, on August 12, 1925, by the Register of Wills of Lawrence County.

On November 20, 1930, Pearle M. Mayberry presented the note at the office of the Prothonotary of Lawrence County and judgment was entered thereon by the Prothonotary at No. 363 December Term, 1930.

In the margin of the Judgment Docket the case was entitled: 363 May V. Aiken now for use of Pearle M. Mayberry v. James Mayberry, Pearle M. Mayberry.

On October 28, 1935, James Mayberry presented a petition praying the Court to decree the judgment null and void and to strike the same from the record. A rule to show cause was issued upon Pearle M. Mayberry to which an answer was filed and the rule was argued in banc, January 7, 1936.

On January 13, 1936, Pearle M. Mayberry, by her attorney, presented a petition to amend the title of the said case by substituting the name of Will L. Aiken, Administrator of the Estate of May V. Aiken, as legal plaintiff. A rule was issued thereon to which James Mayberry demurred. Argument on this rule and demurrer was presented to the court in banc, September 16, 1936. A judgment at No. 364 December Term, 1930, raised the same issue as did this case and the two cases were argued and decided simultaneously. The lower

court by BRAHAM, J., entered a decree in this case on September 30, 1936, overruling the demurrer of appellant, allowing the amendment and refusing to strike off the judgment. The decree of the court was supported by an opinion filed in the case at No. 364 December Term, 1930.

The contention of appellant in the court below was, and here is, that the payee, May V. Aiken, being dead at the time of the entry of judgment, the judgment is void and cannot be amended.

The judgment was entered by the Prothonotary under authority of the Act of 1806, Feb. 24, P. L. 334; 4 Sm. L. 270, Sec. 28, (PS 12 Sec. 739). Said Act provides as follows: "It shall be the duty of the prothonotary of any court of record, within this Commonwealth, on the application of any person, being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person, to confess judgment, to enter judgment against the person or persons who executed the same, for the amount which from the face of the instrument may appear to be due, without the agency of an attorney, or declaration filed, . . . . . ."

"The evident and sole intention of the Legislature, in conferring the power of entering a judgment on the judgment-bond, without the intervention of an attorney, was to exempt the obligor from the payment of costs to an attorney"; *Helvete v. Rapp,* 7 S. & R. 306; *Cooper v. Shaver,* 101 Pa. 547.

And in *Cooper v. Shaver,* supra, the Court said: "The defendant says truly, that the letter of the Act of February 24, 1806, only authorizes the prothonotary to enter judgment where judgment is confessed in the instrument of writing, or where the instrument contains a warrant for an attorney at law or other person to confess judgment. But if the warrant authorizes the

prothonotary to enter judgment for the amount named in the instrument, it is within the spirit of the statute, a chief object of which was to enable parties to dispense with the service of an attorney......"

The warrant of attorney contained in the note authorized the entry of judgment in favor of the payee. The payee being dead at the time, the judgment should regularly have been entered in the name of the payee's administrator.

The Act of 1852, May 4, P. L. 574, Sec. 2 (PS 12, Sec. 533), provides as follows: "All actions pending or hereafter to be brought in the several courts of this Commonwealth, and in all cases of judgments entered by confession, the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

In *Hewitt v. Democratic Pub. Co.*, 271 Pa. 546, 115 A. 838, Supreme Court said (548-549) : ......"We have repeatedly held that, if a suit is brought either by mistake of law or fact in the name of the party beneficially interested, instead of by the contracting party to the use of the former, the record may be amended, or treated as amended, in the appellate court, so as to conform to the requirements of the law as to the names of the parties: *Trustees of Methodist Episcopal Church v. Equitable Surety Co.*, 269 Pa. 411; *Walthour v. Spangler*, 31 Pa. 523; *Barnhill v. Haigh*, 53 Pa. 165; *Patton v. Pittsburgh, Cincinnati & St. Louis Ry. Co.*, 96 Pa. 169...... "

"Today, when the endeavor of the courts is to reach the real merits of controversies, highly technical objections, such as the one now being considered, whatever may have been the attitude toward them in an earlier age, when albeit society was simpler, the admin-

istration of justice was more complex, will not now receive judicial approval......"

In *Paxos v. Jarka Corp.*, 314 Pa. 148 (151-152) 171 A. 468, it is said: "Moreover, our procedure is much the same in cases of like nature. The name of the proper plaintiff is upon the record; the manner in which the name of any one beneficially interested may appear is unimportant: *Methodist Episcopal Church of Franklin v. Equitable Surety Co.*, 269 Pa. 411; *Hewitt, Receiver, v. Democratic Publishing Co.*, 271 Pa. 546; *Mangan v. Schuylkill Co.*, 273 Pa. 310; *Gentile v. P. & R. Ry.*, 274 Pa. 335.

"Mere objection to the form of stating plaintiffs should not delay litigation. We said in *Mangan v. Schuylkill Co.*, supra, (313) : '......all parties in interest having been brought upon the record, they can be placed by the court below in whatever position would best and most practically work out the ends of justice: ......That which might have been done at trial, can and will be done here......; we accordingly treat the suit and as though instituted in the manner above indicated.' See also *Barnhill v. Haigh*, 53 Pa. 165; *Patton v. Pittsburgh, Cincinnati & St. Louis Ry. Co.*, 96 Pa. 169."

The deciding factor in whether an amendment will be allowed is whether there is a change in the cause of action: *Booth v. Dorsey*, 202 Pa. 381, 51 A. 993; *Mangan v. Schuylkill County*, 273 Pa. 310, 116 A. 920. As stated in the latter case: "The test of an amendment is whether or not it will deprive defendant of any right." See also *Gentile v. Phila. & Reading Ry.*, 274 Pa. 335, 340, 118 A. 223.

In the instant case the defendant could be in no manner prejudiced by the amendment. The note on which judgment was entered had been assigned to Pearle M. Mayberry, and defendant's liability was to her alone. That liability was neither increased nor diminished by

the fact that the original holder thereof had died before the judgment was entered and that administration had been had of her estate. The note was no asset of her estate.

The cases cited by appellant are readily distinguishable from the instant case.

In *Kaylor v. Shaffner*, 24 Pa. 489, the Supreme Court on p. 490, says: "Statutes of amendment ought to be liberally construed in suppression of the mischief to be remedied. Where the plaintiff by mistake either of *law* or *fact*, brings an action for his use in the name of one who has no title to support it, the act of 1852 fairly applies to the case; and whenever it shall appear to the Court that such a mistake has actually occurred, it is the duty of the Court to correct it, taking care that the amendment be not used for the purpose of introducing a cause of action substantially different from that on which the suit was actually, although informally, brought." See also *Doyle's Estate*, 291 Pa. 263, 139 A. 829; *Power v. Grogan*, 232 Pa. 387, 81 A. 416.

We see no error in the disposition of this case by the lower court.

The assignments of error are overruled and the order of the lower court is affirmed.