## Smith, to use, v. Yellow Cab Company.

*Workmen's compensation law—Subrogation of employer to the rights of employee against third person—Act of June 2, 1915.*

Under section 319 of the Act of June 2, 1915, P. L. 736, which provided that "where a third person is liable to the employee or the dependents for the injury, . . . the employer shall be subrogated to the right of the employee or dependents against such third person, but only to the extent of the compensation payable under this article by the employer," the employer may maintain an action against such third person to recover the amount he has properly paid in compensation to the employee.

Trial by court without jury. M. C. Phila. Co., Civil Division, June T., 1924, No. 16.

*Louis Wagner*, for plaintiff; *Maurice W. Sloan*, for defendant.

CRANE, J., Dec. 16, 1924.—The Maryland Casualty Company (use-plaintiff), as insurance carrier, paid to Anna McDonnell (employer) compensation under the law for injuries received by John Smith (nominal plaintiff) in the course of his employment, and seeks to recover the amount paid from the defendant (tortfeasor) under section 319 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 749, which provides in part: "Where a third person is liable to the employee or dependents for the injury, . . . the employer shall be subrogated to the right of the employee . . . against such third person, but only to the extent of the compensation payable under this article by the employer."

Defendant admits receipt, under date of Feb. 27, 1923, of notice from use-plaintiff of its claim to be subrogated to the rights of the employer for compensation payable to the injured employee under the act by virtue of its insurance liability.

The defendant further admitted of record that on Oct. 29, 1923, it settled the claim of John Smith (legal plaintiff), by payments to him of the sum of $2100 without notice to the use-plaintiff. Suit was brought by John Smith against defendant, as of Common Pleas No. 4, March Term, 1923, No. 2212, the case being marked settled, ended and discontinued without going to trial.

The court finds as a fact from the testimony that John Smith received his injuries as a result of the negligence of defendant, the plaintiff being engaged at the time of accident in the capacity of a helper on his employer's truck, which was involved in a collision with the defendant's taxicab.

The question of law presented by this record is whether an employer has any right of action against a tortfeasor responsible for injuries to an employee, to whom the employer is obliged to pay compensation, where the employer notifies the tortfeasor, before any settlement is made with the employee, of the employer's liability to pay compensation and his right to reimbursement.

We are not aware of any appellate court case determining this question, nor has any been called to our attention by either counsel. The county court cases we have examined are not in harmony, and, in view of the frequency with which this question arises, we deem it of value to the profession to have the law definitely placed beyond the realm of future controversy.

The doctrine of subrogation, a creature of equity, had its origin in the civil law and should be administered in a spirit so as to secure essential justice independent of any contractual relations between the parties to be affected by it. The right of subrogation inures to one who, under grave necessity to save himself a loss, pays a debt for which another is primarily

answerable, which in equity and good conscience should have been discharged by the latter.

In our Pennsylvania act there is a declaration that where a third person is liable to the employee for an injury, the employer shall be subrogated to the right of the employee against such third person. The act does not provide any procedure or method whereby the employer may recover his compensation. In its primary sense the word "subrogation" means substitution. Defined according to the context of the act, subrogation means indemnification to the extent of the amount paid by the employer. (See Corpus Juris "Workmen's Compensation Acts," 141.)

Our Pennsylvania Compensation Act would afford the employer no remedy unless the word "subrogation" implies indemnification. In our opinion, a rational interpretation of section 319 of our Workmen's Compensation Act vests in the employer the right to recover against the "third party," who has injured an employee, such amount as he has properly paid in compensation to the employee. Defendant in the instant case does not challenge as unreasonable or unlawful the compensation paid the employee by the use-plaintiff.

In Philadelphia County the status of an employer is unsettled in cases where the employee has brought suit against the tortfeasor for the recovery of damages, the Court of Common Pleas No. 1 deciding that the employer cannot intervene prior to verdict (Bair *v.* City of Philadelphia, 28 Dist. R. 224, 5 Dept. Reps. 785), while the Court of Common Pleas No. 3 held in the case of Kinney *v.* Phila. & Reading Ry. Co., 26 Dist. R. 502, December Term, 1916, No. 346, that an action by an employee against a third party will be stayed until the plaintiff's statement of claim is amended by joining the employer as use-plaintiff. In this connection, it is of interest to note the case of Gentile *v.* Phila. & Reading Ry. Co., 274 Pa. 335, to the effect that the use-plaintiff *may* be added to the record before a verdict.

In the instant case the tortfeasor, with notice from the employer of intention to hold him liable for any compensation the employer is compelled to pay on account of the tortfeasor's negligence, upon being sued by the injured employee, makes a private settlement with the employer prior to verdict. Under the circumstances of the case at bar, the settlement made by the defendant would defeat the employer's right of subrogation unless redress was accorded him in the present action.

With all due respect to Court of Common Pleas No. 1 of Philadelphia County, its decision that an employer cannot intervene before a verdict would discountenance the amicable adjustment of a lawsuit which it has always been the policy of the law to favor. The right of the injured employee to recover damages from the tortfeasor is, of course, independent of the right of his employer.

The legal plaintiff, having brought suit against the defendant, made an amicable settlement thereof out of court. Both the employer as well as the insurance carrier may be ignorant of the pendency of a suit between the injured employee and the tortfeasor. If, as in this case, while such an action was pending, the legal plaintiff's claim was amicably adjusted, the right of subrogation accorded him by section 319 of the act would be impossible of assertion, unless, after settlement, he could maintain, as use-plaintiff, an action against the tortfeasor, who had notice of his claim, to be indemnified the compensation paid the injured employee.

We are, of course, aware that the law is well settled to the effect that unliquidated damages in tort are not capable of assignment before verdict.

Smith, to use, *v.* Yellow Cab Company.

The propriety of the award of $107.60 is not disputed by the defendant, and the present action is brought to recover this liquidated amount by virtue of the right of subrogation given the use-plaintiff under the Workmen's Compensation Act.

We accordingly find in favor of the plaintiff for $107.60.