## White v. Rairdon et al.

*Donald R. Hamilton* and *Edward D. McLaughlin,* for complainant.

*Vincent P. Desmond,* for defendant Rairdon.

*D. Malcolm Hodge,* for defendant Bell Telephone Company.

ERVIN, J., April 12, 1944.—Eugene F. White had for many years conducted an undertaking establishment at 1401 West Third Street, Chester, Pa. Mr. White died April 13, 1942. Complainant, George J. White, had assisted his father in said business for many years and in May 1940 opened his own undertaking business at 213 East Ninth Street, Chester, Pa. One of defendants, Thomas E. Rairdon, had also been associated with Eugene F. White in the aforesaid undertaking business from 1921 and conducted most of the funerals from 1928 to 1942. By a written agreement dated March 10, 1942, Eugene F. White, for a consideration of $30,000, sold to defendant and Mary White Carr, a daughter of Eugene F. White, "all the automotive equipment, funeral equipment, furniture, and all the other goods and chattels whatsoever, including the property, business, franchise and goodwill connected with the said undertaking business mentioned in the schedule annexed to the agreement."

The schedule and appraisal annexed to the bill of sale showed the value of the equipment, furniture, goods and chattels to be $24,083.44. This left the sum of $5,916.56 as the sum which was apparently paid for the goodwill and franchise connected with the aforesaid undertaking business.

Goodwill is the favor which the management of a business has won from the public, and probability that old customers will continue their patronage: White v. Trowbridge, 216 Pa. 11.

On June 16, 1942, Mary White Carr sold her interest in the business to the defendant, Thomas E. Rairdon.

In the inventory and appraisement filed in connection with the administration of the estate of Eugene F. White, deceased, the unpaid balance of the purchase price for the said business was set forth. It further appeared that complainant, George J. White, has a share as an heir under the will of his father and that he will, therefore, receive a part of said purchase price.

If there are no legal impediments, it would seem equitable and just that Thomas E. Rairdon should have the right to enjoy that which he purchased. Complainant contends that the Undertaking Code of June 10, 1931, P. L. 485, 63 PS §478a, as amended by the Act of July 19, 1935, P. L. 1324, prohibits defendant from using the name of Eugene F. White in any way in connection with the aforesaid undertaking business. For a short time after the purchase of the business, it was conducted under the old name, to wit: "E. F. White Funeral Home". The certificate of renewal of registration issued to defendant by the Undertakers Board was issued in the name "Thos. E. Rairdon" and he was authorized to do business at 1401 West Third Street, Chester, Pa. As soon as it was possible to do so, defendant added his name and the word "Successor" to that which was formerly used to designate this business. At the time of the hearing, the telephone directory, the billheads, letterheads, envelopes, bank account, advertising, funeral equipment, and funeral parlors had been changed so that the name "Thomas E. Rairdon, Successor" was placed in conjunction with "Eugene F. White" or "E. F. White" or "E. F. White Funeral Parlor".

A complaint was filed by George J. White with the State Board of Undertakers making substantially the same complaint against defendant as is made in this present bill. That board, which is charged with the enforcement of the Undertaking Code, after holding two hearings, dismissed the complaint. The decision of the

board is not binding upon this court but should be given due weight: Grime et al. v. Department of Public Instruction et al., 324 Pa. 371, 376.

The principal contention of complainant is that defendant violates two sections of the Undertaking Code. In section 6, 63 PS §478f, it is provided as to the granting of original licenses:

"Original licenses, under this act, shall be granted only to individuals, upon the qualification and examination of the individual applicant, and shall specify by name the person to whom it is issued, and shall designate the particular place at which the business or profession of undertaking shall be carried on. A license so issued shall authorize the conduct of such business or profession at the particular place of business so designated and no other, and by the particular person designated, and only one license shall be granted to or held by any individual. An undertaker so licensed may change his or her place of business upon registration of that fact with the board. This act shall not be construed as prohibiting two or more registered undertakers from operating a joint or partnership business if the business be conducted under the names of all such licensed undertakers; but no undertaker granted an original license under this act shall conduct business under any other name than the name appearing on his or her license. This section shall not apply to persons heretofore conducting business under a fictitious name."

Section 8, 63 PS §478h, provides that the board may refuse to grant or renew, or may suspend or revoke, a license for the following reasons, inter alia:

"(d) The use of misleading advertising. . . .

"(h) Soliciting patronage, other than by legitimate advertisement, or paying a commission or agreeing to pay a commission to any person or persons for soliciting or for business secured, or paying any gratuity to any person with intent to have such person aid in securing business, or like unprofessional conduct."

This court has jurisdiction over the parties and cause of action by virtue of the provisions of the aforementioned act. Section 10, as amended, 63 PS §478j(b), provides as follows:

"(b) Any association of funeral directors or any party in interest shall be entitled to be heard by the board. The said association of funeral directors or any person having an interest in the controversy may, by an action in equity, obtain an injunction to prevent the illegal operation of a person, firm, corporation or establishment in violation of law or the regulations of the board. For such purposes, the common pleas court of the county, where the violations occur or where the defendant may be served, shall have jurisdiction."

Complainant contends that defendant is doing business under a name other than that appearing on his license. With this contention we cannot agree. The license was issued in the name of Thomas E. Rairdon, and the mere fact that defendant appends his name and the word "Successor" to "E. F. White Funeral Home" does not, in our opinion, constitute the doing of business in some name other than that of Thomas E. Rairdon. "Successor" is defined as one that succeeds or follows; one who takes the place another has left and sustains the like part or character: Webster's International Dictionary, 1930 edition; Duncan's Estate, 330 Pa. 241, 245.

Defendant is telling the world that he is the present owner of an undertaking business which was formerly owned by Eugene F. White. This is not a misrepresentation. It is a truthful representation of the present status. Defendant is not hiding behind a fictitious name but, on the contrary, is proclaiming to the world that he is now the owner of the business: Mangan et al. v. Schuylkill County, 273 Pa. 310; Stevens v. Meade, 13 D. & C. 9.

The purpose of the Fictitious Name Act is to protect those who deal with persons carrying on a business

under an assumed name and to enable them to know with whom they do business: Rowland v. Canuso et al., 329 Pa. 72.

Section 6 of the aforesaid act prohibits an undertaker from conducting business under any name other than the name appearing on his license. It would seem that this requirement is demanded so that the world may know with whom it deals. This it does know when defendant says "I am the successor to E. F. White or E. F. White Funeral Home". This is not a case such as Magill v. Department of Public Instruction, 37 Dauph. 251, where the business was being conducted under the name "DeLuxe Funeral Home" without anything indicating who was the holder of the undertaking license or the owner of the business connected with the fictitious name, or where the business was being conducted at an address other than that set forth in the license. Nor is it a case such as Wetzel & Son, Inc., v. State Board of Undertakers et al., 43 D. & C. 252, where the defendant was conducting funerals from branch funeral parlors and at places other than the place named in the license. Defendant in the present case is a person who is duly qualified to do undertaking and has complied with all the provisions of the Undertaking Code. He is the rightful owner of a business which he purchased; he is making no misrepresentation in his advertising; he is doing business only at the place mentioned in his license, and he is representing to the world that he (the person named in the license) is the present owner of that business. Defendant is doing nothing which is in conflict with either the direct letter of the law or the spirit thereof, and he therefore ought to be permitted to enjoy the fruits of his purchase.

If defendant should, in the future, revert to a use of the name of "E. F. White" or "Eugene F. White" or "E. F. White Funeral Home" or any other similar combination, without the addition of "Thomas E. Rairdon, Successor" or "Thos. E. Rairdon, Successor" or "T. E.

Rairdon, Successor" or some similar combination of words to clearly indicate that defendant is the successor, this adjudication is without prejudice to the rights of complainant to institute another proceeding to enjoin such use.