## Bieranowski et al. *v.* Bieranowski et ux., Appellants.

448

Argued October 1, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*A. Leonard Balter,* with him *Ben Paul Brasley,* of *Brasley, Rubin, Balter & Cole,* and *Irving Sikov,* for appellants.

*Charles G. Notari,* for appellees.

OPINION BY MR. JUSTICE STERN, November 23, 1942:

Lottie Bieranowski is an illiterate woman of Polish nationality, fifty-six years of age; she cannot write her name and understands only a few words of the English language. A house which she owned in the borough of Tarentum is the subject of the present litigation. Having been ill for three years, and seriously so in 1939, she desired in the latter part of that year to make her will, and asked her son Michael to attend to this for her. A real estate agent and a lawyer visited her and talked to her in the presence of Michael and her daughter Celia. Michael admits that he did most of the interpreting and, as Mrs. Bieranowski could not understand English and the real estate agent and the lawyer could not understand Polish, the meeting of their minds obviously depended upon the integrity of his interpretations. The lawyer says he understood that Mrs. Bieranowski desired to deed her Tarentum property forthwith to Michael. On the other hand, Mrs. Bieranowski asserts that

Michael told her the lawyer would prepare her will, and no mention of a deed was made. Celia, who was in and out of the room during the conference, states that what her mother wanted was a will. A few days later a deed conveying the property to Michael without consideration was brought to Mrs. Bieranowski and she placed her mark thereon in the belief that it was the will she had requested. Both she and Celia say that before attaching her mark she asked Michael whether he had carried out her instructions and he assured her that he had. After the deed was signed it was retained by Mrs. Bieranowski; she continued to pay the taxes on the property and the real estate agent remitted to her the rents from the house as theretofore. Several months later Michael married, at which time she placed the supposed will in his custody for safekeeping. It was only after some family differences had arisen between Mrs. Bieranowski and Michael's wife that he proclaimed himself to be the owner of the house and from then on took possession of the rents. Mrs. Bieranowski, learning thus of the fraud that had been perpetrated upon her, brought a bill in equity to have the conveyance set aside. The court granted the prayer of the bill. Defendants, Michael and his wife, appeal.

Although the evidence justifying a chancellor to set aside an instrument on the ground of fraudulent misrepresentation must be clear, precise and indubitable (*Gilberti v. Coraopolis Trust Co.*, 342 Pa. 161, 19 A. 2d 408), it is not necessary that it be uncontradicted, but only that it carry to the mind conviction of its truth: *Broida v. Travelers' Insurance Co.*, 316 Pa. 444, 448, 175 A. 492, 494. Michael denies that he acted dishonestly in interpreting the conversation between his mother and the lawyer and insists that she knew she was executing a deed of the property, so that the issue is primarily one of veracity as between mother and son, but the circumstances so overwhelmingly support the contention of Mrs. Bieranowski that it cannot be said the evidence does

not rise to the requisite standard of proof. Apart from the fact that there were seven children in the family and no particular reason why Mrs. Bieranowski should have made a gift of the only real property she owned * to this young, then unmarried, son, there is the significant circumstance that for nearly a year after the instrument was executed she retained it in her possession, continued to pay the taxes, and received the rents from the property. During that period Michael made no claim of ownership; his attempted explanation of his failure to do so is feeble and unconvincing. While "the mere existence of kinship does not, of itself, give rise to confidential relation such as would impose the burden of proof on the one receiving a gift to assert its validity" (*Leedom v. Palmer*, 274 Pa. 22, 26, 117 A. 410, 412), a confidential relation may "exist as a matter of fact wherever one person has reposed a special confidence in another to the extent that the parties do not deal with each other on equal terms, either because of an overmastering dominance on the one side, or weakness, dependence or justifiable trust, on the other": *Ringer v. Finfrock*, 340 Pa. 458, 462, 17 A. 2d 348, 350. Here, Mrs. Bieranowski was entirely dependent upon Michael's honesty in obtaining for her the will which she had asked him to have prepared. She placed in him the confidence which a mother would naturally repose in a son, and that confidence was, as the evidence establishes, grossly abused.

In the decree nisi the chancellor set aside the conveyance subject to the provision that Mrs. Bieranowski execute a will which was to be recorded and which she was not to amend at any time without the consent of the court. This, of course, it was beyond the power of the chancellor to direct. The final decree is properly limited to the cancellation of the deed.

Decree affirmed; costs to be paid by defendants.

---

\* She and her husband owned a property in Natrona as tenants by the entirety.