Pittsburgh Outdoor Advertising Company, Appellant, *v.* Virginia Manor Apartments, Inc. et al., Appellants.

Argued October 7, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Gilbert E. Morcroft,* for plaintiff.

*Maurice B. Wechsler,* for defendants.

OPINION BY MR. JUSTICE O'BRIEN, January 9, 1970: Pittsburgh Outdoor Advertising Company (Out-

door) filed an action in equity against Virginia Manor Apartments, Inc. (Virginia Manor), Elias J. Hakim, Leonard McGee, Jr., Inc., and Western Pennsylvania National Bank. Thereafter, with the concurrence of Outdoor, the action was dismissed as to Western Pennsylvania National Bank and Leonard McGee, Jr., Inc., leaving only Virginia Manor and Hakim as defendants.

The suit alleged that Virginia Manor and Hakim, the President of Virginia Manor acting in his individual capacity, had trespassed on land owned by Outdoor, destroying personal property of Outdoor thereon; constructed a sewer line partially on Outdoor's property and dumped a considerable quantity of fill on Outdoor's property. The equity action sought an injunction requiring Virginia Manor and Hakim to remove the fill placed on Outdoor's property and discontinue any further trespasses on Outdoor's property. The action also sought compensatory and punitive damages.

Subsequent to the trial of the equity action the Chancellor filed his adjudication and decree nisi in which he mandatorily enjoined Virginia Manor and Hakim to remove the earth placed by them on Outdoor's property; to cease any further trespasses on Outdoor's property and to proceed at their own expense to secure on Outdoor's behalf and in Outdoor's name all municipal permits required for installation of four new billboards on Outdoor's property. The decree nisi also awarded damages to Outdoor for the value of the billboards allegedly destroyed and for the loss of rental income from those billboards. Outdoor and the defendant filed exceptions to the adjudication and decree nisi. The court en banc dismissed the exceptions and entered the decree nisi as a final decree. Both Outdoor and the defendants below have appealed to this Court.

The factual situation involved and as found by the Chancellor and affirmed by the court en banc may be

briefly summarized as follows: Outdoor owned a small parcel of land on which it had erected four billboards for rental to advertisers in the ordinary course of Outdoor's business. Virginia Manor owned property adjoining Outdoor's land on which Virginia Manor was in the process of erecting a large apartment complex. Hakim, the President of Virginia Manor, ostensibly acting in his own behalf and not in a representative capacity, contacted an employee of Outdoor and requested that Outdoor's billboards be removed in order that the contractors engaged in the apartment house project might be able to use Outdoor's land in maneuvering heavy construction equipment. Outdoor's employee suggested that the request be put in writing in order that the proper officials of Outdoor might consider it. No such writing was ever received, but on one occasion, an employee of Outdoor met with Virginia Manor's consultant on Outdoor's property, at which time the billboards were intact. About one week later, the billboards were knocked down and left lying on Outdoor's property. Thereafter, Virginia Manor's contractors deposited a huge amount of fill on Outdoor's property and, in addition, constructed a surface water sewer line partially in Hope Hollow Run, which Outdoor contends is on its property.

Outdoor complains that the Chancellor erred in finding that the sewer line lies wholly within Virginia Manor's property and further, that the Chancellor erred in refusing to award punitive damages and in refusing to order Virginia Manor to construct a retaining wall between its property and Outdoor's. Virginia Manor and Hakim argued that the court erred in finding that they removed the signs; that the court erred in failing to consider that Outdoor had taken no steps to re-erect the signs and was therefore not entitled to loss of rentals; that the Chancellor erred in failing to find that the fill was deposited on Outdoor's land with

Outdoor's knowledge and acquiescence; and that the fill had in any event enhanced the value of Outdoor's property and the order to remove it was, therefore, improper.

It has long been the rule that the Chancellor's findings of fact affirmed by the court en banc will not be reversed on appeal where there is evidence to support them. The errors alleged by all of the appellants are basically quarrels with the factual findings of the Chancellor. The Chancellor, who saw and heard the witnesses, found that Hakim gave every evidence of acting in his individual capacity and that he and Virginia Manor, through their agents, were indeed responsible for the removal of Outdoor's billboards. He further found that the billboards were rendered valueless by that removal action and that their exposure to the elements subsequent to their removal played no part in the damages suffered by Outdoor. By the same token, the Chancellor found that the disputed sewer line indeed lies wholly within Virginia Manor's property and that the evidence failed to show the need for a retaining wall to protect Outdoor's property after the removal of the trespassing fill. As to the issue of punitive damages, the Chancellor concluded that the defendants, not having acted intentionally, willfully, and wantonly in their invasion of Outdoor's property, should not be required to pay exemplary damages. We have said that punitive damages should be awarded only after consideration of the act itself, together with all the circumstances, including the motive of the wrongdoer, and the relations between the parties. *Chambers v. Montgomery*, 411 Pa. 339, 192 A. 2d 355 (1963). A reading of the instant record leads to the conclusion that the Chancellor did not abuse his discretion in concluding that punitive damages were not indicated in this case.

Our review of this record convinces us that the Chancellor's factual findings, which findings form the

basis for his conclusions of law and decree, find ample support in the evidence.

Decree affirmed, costs to be borne by Virginia Manor and Hakim.