## A & J Solomon Wrecking Co., Inc., Appellant, v. Raymond Colliery Co., Inc.

Argued January 7, 1970. Before JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

re-argument refused April 21, 1970.

*William J. Oliver*, with him *Oliver, Price and Rhodes*, for appellant.

*James E. O'Brien*, with him *Kennedy, O'Brien & O'Brien*, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, March 20, 1970:

The appellant is the assignee of Louis Cohen & Sons, purchaser under a written "Sales Order" dated January 18, 1962, of certain items and structures at the property known as the Powderly Breaker from the Glen Alden Corporation, owner of the property.

On February 2, 1962, Solomon entered on the property and began to dismantle and remove the various items designated in the Sales Order.

On August 25, 1964, Glen Alden Corporation sold its interest in the land and the remaining property to the appellee, Raymond Colliery Co., Inc. On April 16, 1965, a dispute arose between agents of Raymond and Solomon concerning removal of certain items known as "the cleaning plant" from the property. Appellees denied the cleaning plant was included in the sales order, appellant disagreed, claiming it owned the "cleaning plant." Because of the dispute, appellant's work was halted periodically until November 16, 1965, when a large earthen mound was constructed around the Breaker, which hindered appellant's entry thereto and removal of materials therefrom. Appellant was inside the mound but full-scale dismantling did not take place and shortly after appellant last worked at the Powderly Breaker, the property was entirely destroyed by fire.

Appellant brought an equity action seeking an injunction to stop the interference, which phase of the case was rendered moot by the fire, damages allegedly resulting from appellees' interference with his rights under the Sales Order, accounting for coal processed through the "cleaning plant" pursuant to an alleged

oral contract whereby appellees promised to pay \$1 per ton for all coal processed through the plant, and seeking to recover damages for property removed by appellees from the property pursuant to an alleged oral contract.[1]

The chancellor found that appellant had failed to prove that it was entitled to the "cleaning plant" under the Sales Order and, therefore, that the interference on the part of the appellees, in constructing an earthen wall so as to hinder access to the property, was justified. The chancellor also ruled that appellant, having failed to establish that it owned the "cleaning plant," had failed to establish an oral contract under which it was entitled to an accounting for coal processed through the "cleaning plant." As to the third count, the chancellor found that appellant had failed to prove what property was removed, what its value was, or any agreement to pay for property removed; accordingly, the complaint was dismissed.

Appellant's exceptions to the adjudication were dismissed by the court en banc and the decree nisi was entered as a final decree; this appeal followed.

The dispute revolved around the question of whether the "cleaning plant" was included in the sales agreement between Louis Cohen & Sons, appellant's assignor, and the Glen Alden Corporation, assignor of appellee, Raymond Colliery Co., Inc.

The sections of the sales agreement which dealt with the question read as follows:

". . . you are hereby awarded the sale of the following material subject to the terms and conditions as shown below:

---

[1] The suit was originally filed against Raymond Colliery Co., Inc., Glen Alden Corporation and Thomas Gillen, president of Raymond Colliery Co., Inc. Glen Alden was never served with process and was dismissed as a party to the action at pretrial.

"(1) Powderly Breaker and Adjoining Structures 'Buildings I-1013, I-1014, I-1019, I-1020, I-1072' and contents of these buildings and structures. . . .

"Structures adjoining above listed buildings specifically include conveyor line housings and supports."

The Chancellor held that appellant had failed to establish that the "cleaning plant" was included in the agreement entered into on January 18, 1962.

Appellant argues that the words "conveyor line housings and supports" specifically include the cleaning plant located under the conveyor and therefore argues that it is error on the Chancellor's part to exclude the cleaning plant on the basis of oral testimony. However, the words "conveyor line housings" are ambiguous. Although as appellant argues, they could reasonably be construed to include all structures which are attached to the conveyor line, whether or not they function as part of that line, they could also be construed to apply only to structures which function as part of the conveyor.

Accordingly, parol evidence is admissible to explain what the parties intended by the use of the phrase "conveyor housings and supports" as it was used in the sales order. *Lipsie v. Dickey*, 375 Pa. 230, 100 A. 2d 370 (1953).

It is well recognized that where the findings of fact of the chancellor have been approved by the court en banc and are supported by the evidence, they will not be reversed by the appellate court. *Schulman v. Serrill*, 432 Pa. 206, 246 A. 2d 643 (1968); *Pgh. Out. Adv. Co. v. Va. Manor Apts., Inc.*, 436 Pa. 350, 260 A. 2d 801 (1970). Evidence in this case is sufficient to support a finding that the plaintiff has failed to prove that the phrase "conveyor line housings and supports" includes the "cleaning plant." In saying this, we especially take note of evidence in the record that the cleaning plant was constructed long after the conveyor line was

constructed, completely separate from the conveyor line, as a replacement for a building previously located there, evidence that Gillen, president of appellee Raymond Colliery Co., Inc., with full knowledge of appellant, entered into the "cleaning plant" and made extensive and costly repairs to make it usable in his business, and evidence that other buildings which had specific numbers were referred to in the Sales Order by number but there is no reference to the specific number of the cleaning plant.

The fact that the cleaning plant was not included in the sales agreement between appellant's assignor, Cohen & Sons, and Glen Alden Corporation is not conclusive on the question of whether appellees are liable for conversion of appellant's property. Although the court en banc pointed out that there was no direct proof as to who constructed the earthen mound around the Powderly Breaker, the construction of an earthen ramp was admitted in appellees' answer. Moreover, the cleaning plant was not the only property located within the mound. Property belonging to appellees was also located there.

If that earthen mound were built to keep appellant away from its property, and succeeded in that purpose, under Section 221(c) of the Restatement of Torts, a dispossession would have occurred and the appellees would be liable for the loss of the property resulting from the fire which occurred while appellant was barred from the property. Restatement of Torts 222A, Illustrations 14 and 16.

However, there is no evidence that the earthen wall was built for any purpose other than preventing appellant from dismantling the cleaning plant, which did not belong to it. There is no evidence that appellant was barred from dismantling its own property.

The record shows that there was a road leading to the inside of the circle of earth. Appellant's employee

Maciejewski's testimony indicates that although appellee Raymond Colliery's employee, Toolan, had that road blocked with his automobile on November 18, he permitted Maciejewski to enter to remove some tanks. Solomon testified that he had been inside the wall. There was no evidence that appellant was barred from removing any property except the cleaning plant, which did not belong to it. Moreover, the fact that appellees had permitted appellant to be inside the wall and the fact that appellees had permitted appellant's man, Maciejewski, to remove the tanks, are both inconsistent with a desire on the part of appellees to convert appellant's property. *Druckenmiller v. Kuzenski*, 181 Pa. Superior Ct. 246, 124 A. 2d 141 (1956).

The record also supports the Chancellor's finding that appellant failed to prove the existence of an oral agreement under which appellees agreed to pay appellant $1 per ton for coal processed by the cleaning plant and the Chancellor's finding that appellant failed to sustain its burden of proving either the existence of an oral agreement under the terms of which appellees had agreed to compensate appellant for any removal of property or its burden of proving that property was removed. Accordingly, the Chancellor's findings of fact will be upheld.

Decree affirmed, costs to be borne by appellant.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.