446 A.2d 655

**Sabina STEFANIK, Mary Matkowski**

v.

**Thomas MATKOWSKI and Anna Matkowski, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued Feb. 19, 1981.

Filed June 4, 1982.

Petition for Allowance of Appeal Denied Sept. 30, 1982.

Arnold L. Wainstein, Philadelphia, for appellants.

Lewis Kates, Philadelphia, for appellees.

Before PRICE, MONTEMURO and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This is a dispute between an aged mother, Mary Matkowski, and her daughter, Sabina Stefanik, plaintiff-appellee, with her son and daughter-in-law, Thomas and Anna Matkowski, defendants-appellants, over title to the house in which the mother and daughter have lived since 1950. The mother conveyed title to the property to her son in 1975 under circumstances which the mother and daughter contend amounted to fraud and the exercise of undue influence by the son while in a position of trust and confidence with his mother. The lower Court sustained this contention and ordered reconveyance of the property to the mother. The son and daughter-in-law have appealed from that Order. A review of the record leads us to affirm the ruling of the lower Court.

The plaintiff-appellee in this litigation is Sabina Stefanik, the daughter, who occupies the second floor of the disputed property. Mrs. Stefanik is 56 years of age and the mother of two grown sons. She is afflicted with cerebral palsy and is a paraplegic confined to a wheel chair. She brought suit on behalf of her mother, Mary Matkowski, who signed an Affidavit to the daughter's Complaint in Equity in which she consented to the action and averred that the facts set forth in the Complaint were true and correct.

At the conclusion of the appellee's case in the Court below, the appellants moved for dismissal of the Complaint on the ground that the appellee did not have standing to bring the action and that Mary Matkowski, the mother, was a necessary party plaintiff. The Court reserved judgment. At the conclusion of all the testimony, the appellee and her mother

filed a joint Petition requesting permission to add the mother as an additional party plaintiff. The Court below ruled on neither of these Motions. The appellee and her mother renewed their Petition in this Court for the joinder of Mary Matkowski as an additional party plaintiff/appellee.

Mary Matkowski has participated in this case from its inception, first by Affidavit in support of the Complaint and then by testimony at the trial. Her testimony has been subjected to cross-examination by the appellants and they will be prejudiced in no way by joining her as a plaintiff/appellee at this time. Consequently, we have this day entered an Order adding Mary Matkowski as a party plaintiff/appellee in this action, nunc pro tunc, pursuant to authority vested in us by P.R.C.P. 2232(c) and sustained by decisions of our Supreme Court extending back over 100 years. *Dodd v. Stewart*, 276 Pa. 225, 229, 120 A.2d 120 (1933); *Hewitt v. Democratic Publishing Co.*, 271 Pa. 546, 549, 115 A. 838 (1922); and *Patton v. Pittsburgh-Cincinnati-St. Louis Railway Co.*, 96 Pa. 169, 173–4, (1880).

Mary Matkowski, the mother, was 79 years of age when the conveyance to the appellants was made on March 10, 1975. At that time, she was recovering from a serious case of influenza and had been ill for approximately a month prior to that date. The mother is of Ukranian extraction and speaks the Polish language. She is unable to read, write or speak the English language and her comprehension of it when spoken to in English is slight and quite imperfect. She is the mother of three children, Sabina, the appellee, Tom, the appellant and Emilian, a son who plays no role in this litigation.

A short time prior to the execution of the deed, Mary Matkowski testified that she asked her son, Thomas Matkowski, to help her take care of the home property while she was ill and that he agreed to do so. He testified that she said she wanted to give him the property. Thomas Matkowski followed up on his mother's request by engaging a neighborhood realtor to draw up a deed to his mother's property in which title was conveyed to the appellants. He

then had his mother brought to the real estate office on March 10, 1975, where she was told to sign the deed by affixing an "X" as her signature, and did so. Thomas Matkowski conceded in his Answer to the Complaint that he "occupied a position of trust and confidence" with his mother and the evidence corroborates that fact.

It is not clear what representations were made to the mother when she signed the deed. The son testified that no explanation was made to her at the time of signing because she knew what she was doing. The realtor who drafted the deed testified that he told her a few days before the deed was signed that he was preparing a deed conveying her property to her son. He spoke to her only in English and was not sure she understood him.

At or about the same time that the deed was signed, Mary Matkowski changed the beneficiary in three small policies of insurance from Sabina Stefanik to the appellants, and added appellant Anna Matkowski as a joint owner of her $12,000 bank account. It would appear from the testimony of Thomas Matkowski and his wife, Anna, that these changes were made after talks with Anna.

The mother testified that she did not know until 1978, three years after the fact, that she had signed a deed conveying the property to the appellants. She then hired a lawyer, made demands for restitution of her property, and upon refusal brought this suit.

The trial Court made findings of fact that at no time did Mary Matkowski intend to convey ownership of her home property to the appellants and that she signed the deed with her mark due to the abuse by the son of a position of trust and confidence that the son enjoyed with his mother. The Court also found that Mary Matkowski is unable to read, write or converse in the English language, and that she does not understand it fully when spoken to in English. Further, the Court found that on the day she signed the deed, she was ill with influenza and in a weakened condition, and that she signed the document without having it explained to her and without knowledge or understanding of what she was

signing. The Court also found that there was no consideration for the conveyance.

The issue before us is whether those findings are adequately supported by evidence. If they are, the Order that the property be reconveyed by Thomas Matkowski to his mother is clearly justified.

It is undisputed that the appellant, Thomas Matkowski, occupied a position of trust and confidence with his mother. He conceded as much in his Answer to the Complaint, and the testimony of the mother, the daughter, and Thomas Matkowski himself, established a long course of dealings in which he acted as his mother's consultant and advisor. She paid most of her bills in cash, and he was often her messenger in making the payments.

Where a confidential relationship exists between grantor and grantee, as established in this case, the burden of proof shifts to the party asserting the validity of the deed to prove that it was obtained by the free, voluntary and intelligent act of the grantor. *Thomas v. Seaman*, 451 Pa. 347, 353, 305 A.2d 134 (1973); *Dzierski Estate*, 449 Pa. 285, 289–90, 296 A.2d 716 (1972); *Bieranowski v. Bieranowski*, 345 Pa. 447, 449, 29 A.2d 11 (1943).

The only factual issue in dispute is whether the mother knew she was signing a deed and voluntarily consented to do so. The appellant, Thomas Matkowski, testified that his mother told him that she wanted him to have title to the property and requested him to have a deed prepared. This was supported by the testimony of the realtor who prepared the deed that he called on the mother a few days before the deed was signed and told her that he was preparing a deed at the request of her son. He said that she nodded and smiled and he assumed at the time that she understood what he was saying. He spoke to her only in English and conceded that he did not know whether she understood what he had said.

The mother's testimony was emphatic to the effect that at no time had she knowingly signed a deed. She had asked

her son to help her in the management of the house while she was ill, but had not given him the property. It was her intention that the property should go to her three children upon her death.

Her testimony finds considerable corroboration in surrounding circumstances which are not in dispute. Each member of her family who testified agreed that she was aged and in poor health and that her understanding of the English language was imperfect at best. It is undisputed that there was no consideration for the transfer. The transfer to the appellants was inconsistent with her repeated statement that it was her intention to leave the property to her three children. And it is particularly inconsistent with the concern which she had shown for her paraplegic daughter, the appellee herein, over a long period of time. She had shared the home property with her daughter. Also, suspicions are justified by the fact that the mother's life insurance benefits were changed from her daughter to her son, and her bank account put in a joint account with her daughter-in-law, at approximately the same time that the deed was signed.

The Court below heard the witnesses and observed their demeanor. We see no reason to disturb its findings of fact, which are amply supported by the testimony of the mother and corroborated by the undisputed circumstances just enumerated. *Pittsburgh Advertising Co. v. Virginia Manor Apartments*, 436 Pa. 350, 353, 260 A.2d 801 (1970); *Dzierski Estate*, supra, 449 Pa. 285, 290, 296 A.2d 716. It follows that the Order directing a reconveyance was appropriate.

The appellants have raised other issues, such as laches, lack of standing by the appellee, Sabina Stefanik, and the claim that the appellee was barred by the Statute of Frauds, but we find these issues to be without merit.

Order affirmed.