## Kairamanov v. LaFalce

54

*Stephen G. Baratta,* for plaintiff.
*Myles P. McAliney,* for defendant.

O'BRIEN, *J.,* December 12, 1997—Plaintiff commenced this action seeking compensation for personal injuries suffered as a result of an automobile accident with the defendant on June 30, 1994. On October 3, 1997, a Monroe County jury rendered a verdict in favor of the plaintiff, Diane Kairamanov, and against the defendant, Roxann LaFalce,[1] following a two-day trial. The jury awarded the plaintiff compensatory damages of $60,000 and punitive damages of $60,000. Counsel for defendant has filed a motion seeking a new trial and counsel for plaintiff has filed a motion for delay damages. Following the submission of briefs and oral argument, both motions are now before this court for disposition.

The sole issue addressed at oral argument by counsel for defendant is that this court erred in submitting the issue of punitive damages for consideration by the jury. Counsel for defendant contends that since plaintiff's

---

1. Defendant, BOAC Inc., was dismissed prior to trial upon agreement of both counsel.

complaint did not specifically ask for an award of punitive damages, it was prejudicial to the defendant to raise the issue at time of trial. However, a review of plaintiff's complaint discloses the following provisions:

"(8) As defendant's vehicle approached the vehicle being driven by plaintiff, defendant was travelling at a high rate of speed. . . .

"(11) After striking plaintiff's car, defendant fled the scene of the accident and was apprehended by police. . . .

"(13) Defendant violated 75 Pa.C.S. §3731 in that she was intoxicated while operating the automobile at the time and place of the accident and such violation constituted a heedless and reckless disregard of the rights of others and was a proximate cause of the collision and the injuries and damages sustained by plaintiff."

The testimony at trial established all of the foregoing allegations including the fact that the defendant's blood alcohol level at the time of the accident was .23 percent, which is more than twice the legal limit. (N.T. 135.)

In *Focht v. Rabada,* 217 Pa. Super. 35, 268 A.2d 157 (1970), our Superior Court reversed a decision of a trial judge refusing to submit the issue of punitive damages in a case involving an intoxicated driver and wrote as follows:

"Automobiles represent the most lethal and deadly weapons today entrusted to our citizenry. When automobiles are driven by intoxicated drivers, the possibility of death and serious injury increases substantially. Every licensed driver is aware that driving while under the influence of intoxicating liquor presents a significant and very real danger to others in the area. Thus, we have no hesitancy in concluding that an intentional as-

sault with fists may, in certain instances, constitute action less outrageous than attempting to drive while under the influence of intoxicating liquor which constitutes a threat to the life and safety of others. In certain factual circumstances the risk to others by the drunken driver may be so obvious and the probability that harm will follow so great, that outrageous misconduct may be established without reference to motive or intent. We conclude, therefore, that, under the appropriate circumstances, evidence of driving while under the influence of intoxicating liquors may constitute a sufficient ground for allowing punitive damages.

"On retrial, it will be the obligation of the judge to determine preliminarily whether the offers of proof warrant the submission of the question of punitive damages to the jury." *Id.* at 41-42, 268 A.2d at 161. (footnote omitted)

In this proceeding, this court followed precisely the procedure outlined by our Superior Court. During an in-chambers proceeding, offers of proof and legal arguments by both counsel were considered, following which a ruling was made to allow the plaintiff to pursue punitive damages. (N.T. 21-25.) In view of the defendant's reckless and outrageous conduct both before and after she rear-ended the plaintiff's vehicle, we have no hesitation in concluding that the plaintiff was entitled to have the jury consider the issue of punitive damages.

Although counsel for defendant also contends in his brief that preclusion of the evidence of defendant's intoxication was also justified by her admission of liability, the first time any admission of liability appears in the record is in defense counsel's closing address to the jury. (N.T. 165.) In his brief, counsel for defendant also complains of this court's failure to instruct the jury concerning the relationship of the wealth of the

tort-feasor with respect to the amount of punitive damages. However, there is no evidence in the record, presented by either side, with respect to the financial status of the parties in this proceeding.

It is well-settled in Pennsylvania that an award of punitive damages is proper when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton, or reckless conduct. *Pittsburgh Outdoor Advertising Co. v. Virginia Manor Apts. Inc.,* 436 Pa. 350, 260 A.2d 801 (1970). Punitive damages are awarded for the purposes of punishing the tort-feasor for such conduct. *Feingold v. SEPTA,* 512 Pa. 567, 517 A.2d 1270 (1986). The determination of whether a person's actions arise to outrageous conduct lies within the sound discretion of the jury and will not be disturbed by an appellate court so long as that discretion has not been abused. See *SHV Cole Inc. v. Continental Grain Co.,* 526 Pa. 489, 587 A.2d 702 (1991).

We also find the defendant's motion for remittitur of the jury verdict to be without merit. A jury verdict will not be disturbed unless it is immoderately excessive, so as to offend or shock the conscience. See *Tulewicz v. SEPTA,* 529 Pa. 584, 606 A.2d 425 (1991); *Lewis v. Pruitt,* 337 Pa. Super. 419, 487 A.2d 16 (1985). An award of $60,000 in both compensatory and punitive damages in favor of a plaintiff who suffered a herniated disc, nerve root damages, significant pain and limitation of motion does not shock our conscience.

In plaintiff's motion for delay damages, counsel computes it based on the inclusion of both the compensatory and punitive damages, to wit $120,000. However, in accordance with our Supreme Court's decision in *Colodonato v. Consolidated Rail Corp.,* 504 Pa. 80, 470 A.2d 475 (1983), we conclude that delay damages

should be computed on the basis solely of the compensatory damages and, therefore, we will accept defendant's computation of delay damages in the amount of $3,025.89.

## ORDER

And now, December 12, 1997, it is ordered as follows:

(1) The defendant's motions for a new trial and for remittitur are denied.

(2) Plaintiff's petition for delay damages is granted to the extent of $3,025.89.

(3) Judgment is entered in favor of the plaintiff, Diane Kairamanov, and against the defendant, Roxann La-Falce, in the amount of $123,025.89.